HOLLOWAY *VS.* LOWE.

1. Champerty, is the unlawful maintenance of a suit, in consideration of some bargain, to have a part of the thing in dispute, or some profit out of it ; and covers all transactions and contracts, whether by counsel or others, to have the whole or part of the thing or damages recovered. Therefore,

2. Where a plaintiff in an action of slander, by a written agreement, promised to pay his attorney, a trifling sum, and the one fourth part of the verdict, that might be recovered, for his services in prosecuting the suit, and where a verdict was recovered in favor of the plaintiff:—it was held, that the attorney could not recover in assumpsit, on the written agreement.

3. Whether counsel may be permitted to recover, for services actually rendered, in a suit prosecuted by him under an illegal contract— *Quere.*

Error to the Circuit court of St. Clair county.

The defendant in error, brought his action of assumpsit against the plaintiff, founded on a writing, in the words and figures following :

" William Holloway, sen'r,

vs.

" Joel Chandler.

" In this case of slander, I agree to pay P. P. Lowe, fifteen dollars, for commencing and prosecuting the suit, together with one fourth of the damages ;—but if the said Lowe is non-suited in the action, for any informality in the pleadings, he is not to have any thing—This 26th February, 1834.

(Signed,)                    " WM. HOLLOWAY."

The declaration, after setting out the agreement, proceeded as follows : " and the said plaintiff avers, that on the trial of the said action against the said Joel Chandler, at the ———— term of the Circuit court, for said St. Clair county, the said Holloway, did recover a verdict and judgment for the sum of three thousand dollars, which said judgment has been paid in full to the said defendant, by means whereof," &c.

There was a second count, not varying materially from the first. To the declaration, defendant demurred.

The demurrer was argued, and judgment rendered for the defendant below on the demurrer, and subsequently, a motion was entered on the docket, in the words following :

"Motion to the court, to revise its opinion in sustaining demurrer to plaintiff's declaration." The record shews, that the motion was granted : the case reinstated, with leave to defendant below to plead over.

The general issue was filed, and a trial and verdict for the plaintiff below, for the amount claimed in the declaration.

The plaintiff in error, assigned—

1. That there was error in setting aside the judgment on the demurrer to the declaration ;

2. In overruling the demurrer to the declaration ;

3. The judgment was not sustained by the verdict ;

4. The court erred in rendering judgment for the plaintiff below on the verdict.

*Peck*, for the plaintiff in error.
*Martin*, contra.

7 P.    62

GOLDTHWAITE, J.—The agreement in writing, of the plaintiff in error, which is disclosed as the foundation of this action, is impeached, as illegal; and it is clearly so, if champerty is an offence known to the laws of this State. As we have no statute defining this offence, we must recur to the common law, to ascertain what it is, and to what cases it extends.

It is defined by Hawkins, as the unlawful maintainance of a suit, in consideration of some bargain, to have a part of the thing in dispute, or some profit out of it— (Hawkins' Pleas of the Crown, 463)—And has been held to cover all transactions and contracts, whether by counsel or others, to have the whole or a part of the thing or damages recovered—(Hawkins' P. C. 462; Rust vs. Larue, 4 Litt. 413.)

It has been doubted by some, if an agreement made by counsel, when no suit is pending, to have a portion of the thing or damages recovered, is within the rule; but this opinion has no foundation in any adjudicated case, so far as we have been able to ascertain; and the contrary has frequently been decided—(Rust vs. Larue, 4 Litt. 413; Arden vs. Patterson, 5 Johns. Chan. R. 51; Key vs. Vattier, 1 Ohio R. 132; Caldwell vs. Monroe, 6 Monroe, 392; Thurston vs. Percival, 1 Peck, 415.) In England, contracts of this description are expressly prohibited by the statute of Westminster, (1 chap. 25, Hawkins, 464) —and this and similar statutes have been declared to be cumulative, and merely in affirmance of the common law—Wallis vs. Duke of Portland, (3 Vesey, 493.) In this case, it was held that maintainance, of which champerty is one species, is not only *malum prohibitum*, but

Holloway *vs.* Lowe.

*malum in se.* So, also, in Kentucky, the statutory enactment only extends to the prohibition of contracts for the purchase or sale of pretended titles to land; yet it was held in the case of Rust vs. Larue, before cited, that a contract to recover a part of the slaves recovered by suit, as compensation to counsel for conducting the same, was within the mischief restrained by the common law; and that a Court of Equity ought to lend no aid to the enforcement of such a contract.

The reason of the rule of the common law is, that every suit or action should stand on its own merits, and that those who have no interest in the matter or thing in dispute, shall never be permitted to become interested; as thereby lawsuits would be greatly multiplied, and much injustice frequently wrought, by interposing other than the real parties, who, from their influence in society or any other' cause, may be able to produce a result which could not be effected by the real parties. Although this reason may be less forcible now than in former times, it is impossible to say that it is destitute of weight. Times are not so entirely changed, that the aid and active personal interference and interest of one possessing influence, may not produce a very different result, in many suits, from that which the parties to it could do.

It may be said that it is manifestly unjust, when counsel have aided in conducting a suit to a successful termination, that they shall be deprived of a just compensation for their services, because of a stipulation for a contingent fee, which is prohibited by law. This point, though expressly decided in the case of Rust vs. Larue.

is one which does not necessarily arise in this case, and we decline to express any opinion, how far counsel will be permitted to recover for their services actually rendered, in a suit commenced by them under an illegal contract.

The judgment is reversed—and as it is the practice of this court not to render a final judgment on demurrer, in cases of reversal, and as the party has the right to amend his declaration in the court below, so as to present this case in another aspect—the cause is remanded.