Holloway v. Lowe.

1. When the plaintiff is allowed to file additional counts to his declaration, after the reversal of a judgment in the same cause, it is the exercise of a discretionary power, which is not the subject of revision in an Appellate Court.

2. Whenever the cause of action, endorsed on the writ, is a written instrument, the plaintiff is authorised to declare in any of the common counts under which the written instrument can be given in evidence.

3. When the parties have stipulated the amount of compensation to be allowed to the plaintiff for conducting a law suit, and the agreement is void for champerty, the compensation thus stipulated for, ought not to be considered by the jury in estimating the value of the services actually rendered.

Writ of error to the Circuit Court of St. Clair County.

A previous judgment was reversed in this court at a former term [7 Porter 488] and the case was remanded for further proceedings.

After the reversal, the plaintiff was allowed to amend his declaration, by filing two additional counts; one of which is a *general indebitatus;* and the other, a *quantum meruit,* for work and labor, care and diligence, bestowed by the plaintiff in conducting a suit for slander at the instance of the defendant. When these additional counts were filed, the defendant craved oyer of the writ and its endorsement, and demurred. The demurrer was overruled, and he then pleaded *non assumpsit;* on which issue the case was tried, and a verdict found and judgment rendered for the plaintiff.

At the trial, evidence was given of the services rendered and of their value; and a witness stated that he had heard the defendant say he was to give the plaintiff one half the sum recovered in the slander suit. The sum recovered of the defendant in the slander suit, and paid by him, was three thousand dollars. The defendant requested the Circuit Court to instruct

Holloway v. Lowe.

the jury, "that the plaintiff could not recover, by force of an an agreement to pay one half of the damages, which might be recovered by the defendant, in his slander suit; and that such an agreement constituted no criterion by which the jury could assess the damages." Whereupon the Circuit Court after referring to the testimony of the witness, charged the jury, "they could not make the one-half the damages, testified to have been agreed to be paid by the defendant to the plaintiff, the criterion of their verdict—that they might give more or less—but that it was a *datum* by which they might be governed in estimating the value of the plaintiff's services. The defendant excepted to this charge. He assigns for error, the permitting the plaintiff to file the additional counts to the declaration; the judgment on the demurrer, and the charge to the jury above recited.

W. K. BAYLOR for the plaintiff in error.
JOSHUA L. MARTIN, contra.

GOLDTHWAITE, J.—1. The permission given to the plaintiff, to file additional counts, was a matter entirely within the discretion of the Circuit Court, and is not the subject of revision in an appellate court, as we have determined in several cases.

2. Neither is the question raised on the demurrer, available to the plaintiff in error. The common counts are properly applicable to all cases where the cause of action grows out of a written instrument, the action of covenant excepted; and when the endorsement of the writ discloses such a cause of action, the plaintiff is authorised to declare in the common counts, if he can give the written instrument in evidence under them. An endorsement on the writ, that the action was brought to recover so much money paid; or for so much due on an account stated; or for a sum due for work and labor, would not inform the defendant, with any precision, of the cause of action; but the endorsement of the written instrument, out of which the action springs, conveys the information in a form sufficiently precise; and, if the plaintiff chooses, he may afterwards amplify

his declaration, so as to avoid the consequences of a misdescription of the instrument sued on, or any defects inherent in it.

3. The instructions given to the jury, in our opinion, are not warranted by the law; and were calculated to mislead the jury from the consideration of the proper evidence, to ascertain the value of the services rendered by the plaintiff.

The evidence of the agreement to pay one half the amount recovered in the slander suit, ought not to have had any influence whatever, with the jury, and was, therefore, improperly admitted. Such an agreement was declared to amount to champerty, when this case was formerly before this court; [7 Porter, 488] and so the Circuit Court seems to have considered it on this trial. This being the effect of the agreement, it was in no manner operative. The compensation due to the plaintiff for his services in the slander suit, ought to have been ascertained precisely, as if no such agreement had ever existed. It was proper to show to what extent his services were benficial to the defendant, and what fees were customary in similar cases. Instead, however, of leaving the law to the jury, to be determined by such principles, the Circuit Court, in effect, informed them that the illegal agreement was a circumstance which they could consider, and which might aid them in estimating the value of the services rendered by the plaintiff.

If the evidence given to the jury on this subject, was considered as a declaration by the defendant of his intention to give the portion of the damages mentioned, the verdict ought not to have been affected by such an intention; for it is plain the value of the plaintiff's services was neither increased, or diminished by it.

For the error in this charge the judgment of the Circuit Court is reversed, and the cause remanded.