### ELLIOTT vs. McCLELLAND.

1. Where it is not made to appear by the certificate either of the clerk or judge in a sister State, that the county in which the proceedings were had is included in the judicial circuit within which the judge presides, the authentication is insufficient to admit the record in evidence.

2. A contract by which an attorney is to collect money for his client, and for his services "to retain on the sums collected twenty per cent. or be paid two hundred dollars as he shall elect," is void for champerty.

Error to the Circuit Court of Jackson.    Tried before the Hon. S. C. Posey.

The defendant in error sued the plaintiff in error on an instrument in the following words: "I have employed George W. Paschal to collect by suit or as he best can two accounts due me—one for two thousand and eighty-six dollars and sixteen cents on John Dillard, and the other for seven hundred and forty-six dollars against said Dillard and James Harrison and the late Samuel Mackay, deceased, and I bind myself, my heirs, executors and administrators, to pay said Paschal for his services in prosecuting said suits the sum of two hundred dollars. Witness my hand and seal, this 24th Oct. 1840—GEORGE ELLIOTT (seal)" —and which was assigned by said Paschal to him. After reading the instrument to the jury, the plaintiff below, in opposition to the defendant's objection, which was overruled by the court, introduced in .evidence transcripts of two suits instituted in the Circuit Court of Crawford county, Arkansas, on the accounts which Paschal had undertaken to collect, but neither the certificate of the clerk nor of the judge stated that Crawford county was within the seventh judicial circuit, that being the circuit for which said judge was commissioned. The defendant proved the execution of, and read to the jury an instrument in the following words: "Received of George Elliott an account on John Dillard, &c., to be collected, and on the sums collected I am to retain twenty per cent. or two hundred dollars as I shall elect. Van Buren, 24th Octo. 1840.—GEO. W. PASCHAL, attorney at law." The court instructed the jury that though the two instruments were to be taken as constituting parts of one and the same contract, it was not champertous, and the plaintiff

was entitled to recover. To the ruling and charge of the court the defendant excepted, and now assigns them as error.

ELMORE & YANCEY, for the plaintiff in error:

I. The certificate of the judge was defective under the act of Congress, and cannot be remedied by reference to the transcript.

1. Because the act of Congress prescribes but one mode of proving records from other States—that is, the certificate of the clerk and the presiding judge, &c. If we look into the transcript to cure the defects of the certificate, *we prove the certificate by the record*, and *then prove the record by the certificate*, and thus *prove the record by itself*.

II. As to the champerty.

1. This is an offence *malum in se*, and a contract tainted with it is void.—Holloway v. Lowe, 7 Porter, 488.

2. The common law is presumed to prevail in the several States, and a champertous contract is void, whether to be performed in Arkansas or in this State.—Story's Con. of Laws, § 243.

3. But if valid in Arkansas, and intended to be performed there, yet when attempted to be enforced in this State, our courts will not permit it, as against our policy and *malum in se*.—Story's Con. Laws, §§ 244, 258, 276; Chitty on Con. 61, 426, 693.

4. The bond and receipt form one contract, and are to be construed as if all the terms of each were incorporated into one. Sewall v. Henry, 9 Ala. Rep. 24.

5. The agreement *to retain* twenty per cent. *on* the sums collected was an agreement to *retain* or *take* that much, part of the sum recovered.—Holloway v. Lowe, 7 Porter, 488; Redman v. Sanders, 2 Dana, 70.

6. The insertion of the clause to take two hundred dollars at his election does not purge the contract of champerty,—1st. Because the agreement is as much on the illegal as legal consideration, and the whole is void.—1 Chitty on Pl., marg. 295. 2d. Such a clause is no more than the agreement of the parties, what his services, and is the same in principle as if it said, "or to be paid what my services shall be worth," and such a clause is the same as if none such were inserted, for the law would have inserted it, if not prevented by the champerty. In such a case, the party cannot recover on an implied contract. He can-

.not waive the illegality and elect to proceed on that part of the contract otherwise legal. He must recover on the special contract or not at all.—McCorkle v. Doby, 1 Strobh. 396 ; Thomas v. Croft, ib. 40 ; Selway v. Fogg, 5 M. & W. 83 ; Chitty on Con. 569, 607, 228-9 ; Chitty on Pl., marg. 295, 300; Thurston v. Percival, 1 Pick. 415 ; Allen v. Hawks, 13 ib. 79 ; Parrot v. Stone, 14 ib. 198 ; Loupant v. Mortimont, 2 D. & East. 100.

ROBINSON, for defendant :

A contract to reserve compensation of the money to be collected is not champerty.—Walker v. Cuthbert & Stanley, 10 Ala. Rep. 219. If this be so, then the contract to reserve twenty per cent. of the sum of money collected is legal, and might be enforced.

But suppose the agreement to pay twenty per cent. of the sum collected be champerty, still it would not affect our right to recover in this case. The agreement was to pay two hundred dollars or twenty per cent. at the election of Paschal. Elliott executed the obligation sued upon, as a part of said agreement. Upon this obligation this suit is brought, by which Paschal elected to take the two hundred dollars. It was certainly legal to stipulate for the two hundred dollars. Then that which was in itself legal cannot be rendered illegal by a reservation of the right to do what was illegal. Having elected to do what was legal, the case now stands as though this had been the whole agreement.

CHILTON, J.—This record presents two questions,—1. Whether the exemplifications of the record of the suits in Crawford county, in the State of Arkansas, were properly authenticated, so as to be admissible in evidence. 2, Whether the contract declared on as shown by the bill of exceptions was void for champerty.

1. Upon the first, we can have no doubt. The act of Congress, which prescribes the mode in which public acts, records and judicial proceedings in each State shall be authenticated, so as to take effect in every other State, requires the attestation of the clerk of the court in which the proceedings are of record, and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief-justice or presiding magistrate,

(as the case may be,) that the attestation is in due form. The certificate of the judge must show that he presides over the court, the records of which are attempted to be authenticated by its clerk. In this case, the clerk certifies that he is clerk of the Circuit Court of Crawford county, in which the proceedings to which he certifies were had. The judge certifies that he is the sole presiding judge of the seventh judicial circuit in the State of Arkansas, but whether the county of Crawford is in the 7th judicial circuit, neither the certificate of the judge nor clerk informs us. True, if we look into the record, the proceedings appear to have been before the judge who makes the certificate, and from that we learn that the county of Crawford is in his circuit; but this cannot aid the defect in the certificate, for until it is properly certified it is no evidence, and if the recitals in the record be allowed to cure the defective certificate, it is tantamount to holding that the record may prove itself.

2. There can be no question but that these two agreements, the note and the receipt, executed at the same time, in respect of the same subject-matter, and between the same parties, must be considered as forming but one contract, and should be construed as though they were embodied in one instrument.—Sewall v. Henry, 9 Ala. Rep. 24. Thus considering them, let us inquire whether the contract is champertous. The attorney at law agrees "to retain on the sums collected twenty per cent. or be paid two hundred dollars as he shall elect." This agreement was made when the accounts to be put in suit were handed to him. In Holloway v. Lowe, 7 Port. 488, the contract was in these words: "In this case of slander, I agree to pay P. P. Lowe fifteen dollars for commencing and prosecuting this suit, together with one-fourth of the damages; but if the said Lowe is nonsuited in the action for any informality in the pleadings, he is not to have anything." This court adopted the common law definition of champerty as given by Hawkins, and say that it has been held to cover all transactions and contracts, whether by counsel or others, to have the whole or a part of the thing or damages recovered. The agreement was held to be void for champerty, but the court added—"It is manifestly unjust, when counsel have aided in conducting a suit to a successful termination, that they shall be deprived of a just compensation for their services because of a stipulation for a contingent fee, which is

prohibited by law." The same case was afterwards before this court upon a *quantum meruit*, and the court say—"The compensation due to the plaintiff for his services in the slander suit ought to have been ascertained precisely as if no such agreement had ever existed.—1 Ala. Rep. 246." This case from our own court and the authorities there cited, with the cases cited on the brief of the counsel for the plaintiff in error, are conclusive to show that the agreement in this case was champertous.—See also Story on Con. 411, §581. It is true the agreement was made in Arkansas, but in the absence of proof to the contrary, we must intend the common law, by which the agreement is void, is of force there. The case of Walker v. Cuthbert and Stanley, 10 Ala. Rep. 213, is unlike the present. In that case the sum to be paid was construed to be for services rendered before the contract was entered into, which was insisted upon as champertous. It was not an agreement to have a portion of the sum of money to be afterwards recovered. The contract before us reserves that right to the attorney; he is to have twenty per cent. on the amount to be collected, or two hundred dollars, at his election. The fact that nothing was collected, and that the party was turned round to the note for two hundred dollars for his compensation, does not purge the contract of its champertous quality; the contract being entire, the unlawful provision for champertous compensation taints it, and avoids the whole.

As this suit is on a note by the assignee of the attorney, and as he cannot recover upon the note, nor, as in the case of Lowe and Holloway, *supra*, upon a *quantum meruit*, which can only be done by the attorney, it is unnecessary to remand the cause.

Judgment of the court reversed.