## BROWN *vs.* JOHNSON.

[ACTION ON PROMISSORY NOTE BY ENDORSEE AGAINST ENDORSER.]

1. *Evidence; transcript from a court in another State.*—A transcript from a court in another State, can not be admitted as evidence, when it fails to show that the person certifying was judge of the particular court, from the records of which the transcript was taken.

2. *Demurrer; grounds of, must be stated.*—A demurrer to a complaint is properly overruled, when it does not specify the matter of substance in which the complaint is defective.

3. *Promissory note; special endorsement on.*—An endorsement on a note, as follows : "I endorse the within note, January 3d, 1859, T. B.; but must try Adams first. T. B." Construed to impose the duty upon the endorsee of trying by suit to make the note of Adams, who was one of the makers, as a pre-requisite to the liability of the endorser.

4. *Same.*—The endorsee of the note, in a reasonable time, instituted a suit on the note, for his own benefit in the State of Georgia, against Adams, but by a mistake the suit was brought in the name of "Etheldred" J., instead of the correct name, "Eldred" J., and no objection being made to the misnomer, prosecuted his suit to judgment against Adams, and fully tested his solvency,—*held*, that this proceeding in Georgia was conclusive that the plaintiff had tried Adams, and thus fulfilled the duty imposed by the special endorsement.

5. *What is reasonable time, is a question for the jury.*—It is the province of the jury to determine, from the light of all the relevant circumstances proved, whether the effort to collect from Adams was made in a reasonable time.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. H. D. CLAYTON.

THIS action was brought by Eldred Johnson against Thomas Brown, the appellant ; was commenced on the 19th March, 1861, and was founded on a promissory note, of which, and the endorsements thereon, the following is a copy:

"$200 00.   By the first day of January, 1859, we promise to pay Thomas Brown or bearer, two hundred dollars, for value received, Oct. 17, 1857.

(Signed,)                    HUNT & ADAMS."

"I endorse the within note, January 3, 1859, Thomas Brown ; but must try Adams first.   THOMAS BROWN."

Brown v. Johnson.

On the trial, the bill of exceptions states, "defendant demurred to the plaintiff's complaint, which was overruled by the court. The plaintiff introduced in evidence the note and endorsements thereon, as above set forth, and then offered in evidence a transcript from the records of the superior court of Clay county, Georgia ; the defendant objected to the introduction in evidence of said transcript, on the ground that it was not properly certified, and that the certificate thereto was insufficient. The court overruled this objection, and defendant excepted." From this transcript it appeared that suit was brought on the note sued on in this case, in the name of "Etheldred" Johnson, against Henry J. Hunt, and Benjamin F. Adams, on the 6th day of March, 1860, in the superior court of Clay county, Georgia, which was prosecuted to judgment, and an execution issued thereon, which was returned endorsed, "no property found." The certificate of the judge to this transcript is as follows :

"GEORGIA,       ⎫   I, William C. Perkins, presiding
Randolph county. ⎰ judge of the Pataula circuit, in and for the county and State aforesaid, do hereby certify that Spencer Caldwell, whose name is affixed to the foregoing certificate, is, and was at the time and date of said certificate, clerk of the superior court in and for the county of Clay, in said State ; that his signature thereto is genuine, and his attestation in due form of law. Given under my hand," &c. The court charged the jury, at the request of the plaintiff, that if they believed the evidence, they must find for the plaintiff. The defendant appealed, and assigned as error the rulings of the court, to which exceptions were taken, and the charge given.

CATO & BAKER, for appellant.
W. C. OATES, contra.

A. J. WALKER, C. J.—The certificate of the judge to the transcript from the superior court of Clay county, Georgia, fails to show that the person certifying was judge of the particular court, from the records of which the trans-

cript was taken. The court erred in admitting the transcript in evidence.—*Elliott v. McClelland*, 17 Ala. 206.

The demurrer to the complaint was properly overruled, because it did not specify the matter of substance in which it was defective.—Code, § 2253.

The endorsement given in evidence is in the following words : "I endorse the within note, January the 3d, 1859, Thomas Brown ; but must try Adams first. Thomas Brown." We understand and construe the very singular endorsement to impose the duty upon the endorsee of trying to make the note of Adams, who was one of the makers of the note as a pre-requisite to the liability of the endorser. The only mode of trying by legally appointed means to collect the money, would be by suit. It is most probable, that by trying Adams, was meant, testing whether the money could be collected from him, and that could only be done by suit, and we so construe the endorsement.

The question will arise on another trial, whether the suit in Georgia in the name of "Etheldred Johnson" could be a fulfillment of the duty devolved on the endorsee of trying "Adams first." If it should appear in evidence, that the suit was instituted and prosecuted in the name of "Etheldred Johnson," instead of the correct name of "Eldred Johnson," by mistake, and that the suit was really brought by and for the benefit of the endorsee, it would appear that the plaintiff had "tried Adams." The record was offered merely as evidence to prove *rem ipsam*, that the proceedings were had ; and that the plaintiff had in fact "tried Adams." The defendants in the suit made no objection to the misnomer. In fact, the solvency was as well tested as if the suit had been in the proper name. We can not doubt that if the money had been collected by the sheriff by virtue of the execution, it would have been due and payable to Eldred Johnson, if he was really the endorsee and the person by whom and for whose benefit the suit was brought. The authorities sustain the proposition. In *Taylor v. Strickland*, 37 Ala. 642, it was held upon a very full consideration of the authorities, that if a note be made to a person by a wrong name, the payee may sue upon it in his right name. In the case of *Stevelie v. Read*,

2 Wash. C. C. R. 274, a judgment against James Read was held admissible in evidence against Joseph Read, upon parol evidence, that the latter was the real party. The decision in *Allen v. Hull,* 1 Marshall (Ky.) 525, is in conflict with that in *Stevelie v. Read.* There are other cases which seem to support *Stevelie v. Reid.—Mayor v. Faulk-rod,* 4 Wash. C. C. R. 503; *Boynton v. Willard,* 10 Pick. 166. Yet we forbear to assert the doctrine of that case. We place our decision that the record was admissible upon the ground that the obligation imposed by the endorsement was to try or test whether the money could be collected from Adams, and this trial or test was made by the proceedings in Georgia, notwithstanding the suit was not in the proper name. There seems to have been no evidence, that the plaintiff was known by the name of Etheldred, and we have not considered the effect of such evidence. The question whether the suit in Georgia was really brought by Eldred Johnson and for his benefit, and whether the error of the name was the result of mistake, was one for the determination of the jury. If those questions are decided in favor of the plaintiff, we think the proceeding in Georgia would be conclusive, that the plaintiff had tried Adams, and thus fulfiled the duty imposed by the special endorsement, if the suit in Georgia was brought within a reasonable time. What would be a reasonable time, would be a question for the jury, to be determined in the light of all the relevant circumstances proved. The distance of the residence of Adams, the facility of ascertaining his residence, his condition as affecting the question of benefit or injury by delay, and the policy of postponement as affecting the chances of collecting the money from Adams, and perhaps other circumstances bearing upon the same point, must be considered in ascertaining whether the effort to collect from Adams was made in a reasonable time. The ascertainment of such facts, and of their effect, is the appropriate office of the jury. We attain this conclusion after an examination of the cases of *Watts v. Shepard,* 2 Ala. 425; *Drake v. Goree,* 22 Ala. 409; *Garnett v. Yoe,* 17 Ala. 74; *Allen v. Green,* 19 Ala. 34; *Skinner v. Bedell,* 23 Ala. 44. We think none of the cases are irreconcilable

with our conclusion. Under § 1546 of the Code, an assignee is excused from the duty of suing a maker who resides out of the State. If the assignment here was general, the assignee would unquestionably be under no obligation to sue the maker in another State. But if Adams, one of the makers, was, at the time of the assignment, resident in another State, we think that the assignor must be understood to have stipulated for his being "tried," before such assignor would be liable.

The complaint conforms to the form laid down in the Code, for suit upon a regular endorsement; but it would at least be safer, and it is probably indispensable, that the complaint should be so amended by an additional count or otherwise, as to set forth the special assignment, and aver a compliance with the duties devolved upon the assignee.

What we have said, is, we think, all that is necessary to be decided for the guidance of the court on another trial, and we therefore deem it unnecessary for us to notice more particularly the questions presented.

Reversed and remanded.