# Prine *v.* American Central Ins. Co.

*Action on Insurance Policy.*

(Decided Jan. 11, 1911. 54 South. 547.)

1. *Insurance; Action; Complaint.*—A complaint declaring on an insurance policy and averring that the policy was, either wrongfully or by mistake, issued to one other than the plaintiff, but which does not allege how or in what right plaintiff is entitled to sue, is insufficient.

2. *Same; Agents; Scope of Authority.*—An insurance agent with authority to solicit insurance, receive, and receipt for premiums cannot by his acts estop the insurer from relying upon the terms of its written contract.

3. *Appeal and Error; Review; Persons Entitled to Alleged Error.*—The plaintiff cannot complain of the action of the court in overruling a demurrer to her complaint.

4. *Same; Record; Bill of Exceptions.*—Where a bill of exceptions does not purport to contain all the evidence, a finding of the facts by the trial judge will not be reviewed on appeal.

5. *Trial; Scope of Proof; Matters Not Controverted.*—Although one who relies on notice to establish a waiver must usually show such notice, the failure to do so does not prevent the other party from introducing evidence to negative the notice for the purpose of avoiding adverse inference.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by Florence H. Prine against the American Central Insurance Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Count 2 is as follows: "Plaintiff claims of defendant the sum of $400, the value of a frame, shingle-roof storehouse, and the further sum of $750, the value of the stock of merchandise consisting of dry goods, notions, boots, shoes, groceries, and other goods not more hazardous, suitable to plaintiff's line of business, formerly contained in the above storehouse, all of which the defendant, on, to wit, the 20th day of May, 1906, insured against loss or injury by fire and other perils, in the policy of insurance mentioned, which said policy was issued in the name of L. L. Prine, for the term of one year, and which property was destroyed by fire on, to wit, the 10th day of August, 1906, of which the defendant has had notice." Count 2a is the same as count 2, except that it alleges that the policy was by mistake issued in the name of L. L. Pine, for the term of one year. Count 2b is the same as count 2, except that it is alleged that the policy was wrongfully issued in the name of L. L. Prine. Count 5a is in all respects similar to count 2a, with the further allegation that at the time the insurance was issued, or at a time subsequent thereto, the defendant was a member connected with a tariff association, to wit, the Southeastern Tariff Association, or had an understanding with other corporations engaged in the business of insurance, relating to the rates of insurance which should be fixed for fire insurance; and the plaintiff claims, under the provisions of article 3, chapter 63, of the Code of 1896, the further and additional sum of $287.50. Count 5b is in all respects similar to count 5a, except that it is alleged that the policy was wrongfully issued in the name of L. L. Prine. Counts 2a and 5a were afterwards amended by the further allegation that the insurance was taken

out by plaintiff upon the property above described, but said policy, by mistake of defendant's agent, was written in the name of L. L. Prine.

The second plea set up that the plaintiff is estopped from claiming or alleging that the policy of insurance which is the foundation of the action was issued to plaintiff, because the plaintiff or her duly authorized agent read over so much of the policy of insurance as showed that it was issued to Mr. L. L. Prine, and, with the knowledge of the fact that said policy was so issued, failed within a reasonable time thereafter to notify the defendant of the error in the name of the person to whom it was issued.

The second replication to this plea was that, at the time the policy of insurance claimed upon was delivered, plaintiff received said policy and read the written part and the printed pasters thereon, and J. L. Grace, defendant's agent, with authority to solicit insurance, and receive and receipt for premium, assured her that everything was fixed all right; and plaintiff, relying upon said assurance, kept said policy. Wherefore, by reason of the representation of defendant's said agent, defendant is now estopped from setting up the matter contained in said second plea. The other replication to the plea is that after the loss claimed in the complaint had accrued, and after the defendant had knowledge of the alleged breach it now sets up, and during, to wit, the month of December, 1906, T. L. Moore who was the duly authorized agent of the defendant in Mobile, Ala., with authority to issue policies and receive and receipt for premiums, insisted upon the payment by L. L. Prine, as agent of plaintiff, of the unpaid balance of the premium for the insurance upon which this suit is based, and which said premium was paid. Wherefore plaintiff says

that defendant is now estopped from denying liability under this policy.

ELLIOTT G. RICKARBY, and J. M. BONNER, for appellant. The court erred in sustaining demurrer to the original complaint and to the amendments subsequently made thereto.—*Pope v. Glenn Falls I. Co.* 130 Ala. 359; *Commercial F. I. Co. v. Capital City I. Co.*, 81 Ala. 221. The matter set up by the second replication to the second plea was the proper answer to the plea of estoppel, and should have been allowed.—*Galliher v. State M. I. Co.* 150 Ala. 543; *Pope v. G. F. I. Co. supra; Phoenix v. Copeland,* 86 Ala. 561; *Western v. Stoddard,* 86 Ala. 606; 3 Colley's Briefs on Insurance, 2620; 16 L. R. A. (N. S.) 1213, et seq; 13 Wall. 233. The court erred in admitting the testimony of the witness Moore.—*Queen I. Co. v. Young,* 86 Ala. 430; *Syndicate I. Co. v. Catchings,* 104 Ala 188; *Robinson v. Aetna I. Co.,* 128 Ala. 480. Counsel discuss the findings and conclusions of the trial court, and cite authority in support of their contention, but in view of what is said in the opinion, it is not deemed necessary to here set them out. As to the authority of the agent to bind the principal, counsel cite the authorities cited next above, and *Sellars v. Commercial F. I. Co.* 105 Ala. 282; *Ins. Co. of North American v. Thornton,* 130 Ala. 230; *Creed v. Sun Fire Office,* 101 Ala. 522.

R. H. & R. M. SMITH, for appellee. The 3rd count was insufficient.—*Com. F. I. Co. v. Morris,* 105 Ala. 498. The court did not err in sustaining demurrers to the other counts of the complaint.—*Browder v. Gaston,* 30 Ala. 677; *Continental F. I. Co. v. Parks,* 39 South. 207; *Feibleman v. Manchester F. I. Co.* 19 South. 546. The plaintiff must allege that she is the party in interest in the

policy, as no implication is indulged that she is beneficially interested.—*Continental F. I. Co. v. Parks, supra; Feibleman v. Manchester F. I. Co. supra.* Having amended her complaint to meet the demurrers, and having been required to allege no more than she would have had to have proven in any event, no injury occurred.—*McDaniel v. Cain,* 48 South. 52; *Providence S. L. I. Co. v. Pruett,* 47 South 1019. There was no error in overruling demurrers to the replication.—*Ala. S. M. A. Co. v. Long,* 123 Ala. 676. As to the authority of the agent see.— *Montgomery v. Hardaway,* 104 Ala. 100; *Singer Co. v. McLean,* 105 Ala. 316. There is no estoppel unless the party relied on the representation of the party sought to be estopped.—16 Cyc. 741; Id. 734. The court will not review the finding of the trial court on the facts as the bill of exceptions does not purport to contain all the evidence.—*Hood v. P. M. & M. Co.* 95 Ala. 464; *Sanders v. Steen,* 128 Ala. 633.

ANDERSON, J.—The Code form (No. 13) upon a fire insurance policy implies an action by the assured, and, where the complaint names some one other than the assured as plaintiff, it must set up facts showing how and in what right the plaintiff is entitled to sue upon or for a breach of the policy contract.—*Feibelman v. Manchester Co.,* 108 Ala. 180, 19 South. 540; *Nortwich Ins. Co. v. Prude,* 145 Ala. 297, 40 South. 322; *Continental Ins. Co. v. Parks,* 142 Ala. 650, 39 South. 204 Counts 2, 2a, 2b, 5a, and 5b, all set out L. L. Prine, and not the plaintiff, as the assured in the policy and fail to set up such title, right, or interest of the plaintiff in the policy contract or the subject-matter thereof as would authorize her to recover, and the demurrers thereto were properly sustained.

As indicated by counts 2a and 5a as last amended, and the sufficiency of which we cannot determine, as the demurrer thereto was overruled in favor of the appellant, this case was tried upon the theory that the plaintiff was the real assured in the policy contract and the party to same, but the name of her husband, L. L. Prine, was inserted, as assured,. by mistake. It seems to have been held in the case of *Taylor v. Strickland*, 37 Ala. 642, that where an obligation to pay money is made to a person by a wrong name, the intended payee may sue upon it in his right name, alleging that it was made pay- able to him by the name therein inserted; and he may show by evidence on the trial, that he was the person intended. This case has been approved in the cases of *Wood v. Coman*, 56 Ala. 291, and *Brown v. Johnson*, 42 Ala. 210. Whether or not the rule there established could be applied to the policy contract in question, in a court of law, instead of resorting to a bill in equity for a reformation of same, we are not called upon to determine, as the trial court, in effect, ruled that it could be so applied, and which said ruling was favorable to the appellant and we must therefore, consider the case under the issues made by the pleading.

The second replication to plea 2, if not otherwise bad, was insufficient in attempting to relieve the plaintiff of the things charged in the plea, by the action or conduct of the agent Grace, and for failure to aver such authority in Grace as would bind the defendant in the particulars therein set forth. The mere authority of an agent to "solicit insurance, receive and receipt for premiums, does not give said special agent the authority to estop the company from relying upon the terms of its written contract."—*Alabama Assurance Co. v. Long*, 123 Ala. 667, and cases cited on page 677, 26 South. 655.

If the record purported to set out all the evidence, we would not be disposed to reverse the judgment of the trial court upon the conclusion on the facts. The evidence, and especially that of L. L. Prine on cross-examination, fails to show that the plaintiff was intended as the assured in the policy contract. Nor does the evidence show an estoppel by Moore's attempt to collect the premiums. In the first place, it is questionable if Moore had the authority to estop the defendant, and second; the first replication avers, that Moore "insisted upon the payment by L. L. Prine, as agent of the plaintiff, of the unpaid balance of the premium for the insurance." and the proof does not show that the insistence was made to L. L. Prine, as the agent of his wife, the plaintiff. On the other hand, we find L. L. Prine, through his attorneys, attempting to adjust the claim as that of L. L. Prine. If however, such of the evidence, as is before us, was different, we could not disturb the conclusion on the facts, as the bill of exceptions does not purport to set out all the evidence.

The plaintiff's theory of the case was that the policy was intended to be in her favor, but was by mistake made in favor of her husband. She relied, to a great extent, upon the knowledge of Grace as to the circumstances and surroundings leading up to the issuance of the policy, and whether or not Grace had or had not informed Moore that L. L. Prine was married, would be a very material factor in determining whether or not the plaintiff was intended as the real assured. If Moore did not know that L. L. Prine was married, when the application was received and the policy was issued and approved, it would be a strong circumstance going to show that the plaintiff was not intended as the real party to the policy contract, and the fact, that Grace did not inform him that L. L. Prine had a wife is a circumstance

showing that Moore did not know of the plaintiff's existence during the negotiation of the contract, and did not therefore intend to issue the policy to her instead of L. L. Prine. True, it is usually incumbent upon a party who relies upon notice to show it, but the rule does not prevent the other party from denying notice, especially when it might be inferred that Grace informed Moore of all information he had as to the parties and Moore had the right to show that Grace did not tell him that L. L. Prine was a married man.

The judgment of the law and equity court is affirmed. Affirmed.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.