(81 South. 179)

HOME SUPPLY CO. v. ALMON.
(8 Div. 559.)

(Court of Appeals of Alabama. Jan. 14, 1919.
Application Stricken Feb. 4, 1919.)

1. PLEADING ⊜⟶177—REPLICATION—SPECIAL MATTER—CONFESSION OF PLEA.

Plaintiff, by filing a special replication to defendant's second plea without joinder of issue on said plea, confessed it.

2. TROVER AND CONVERSION ⊜⟶34(5)—GENERAL DENIAL—EVIDENCE ADMISSIBLE.

In action for conversion of chattels involving single question whether plaintiff had such title as entitled him to sue for conversion, all the facts pertaining to such issue were admissible under the general issue.

3. CHATTEL MORTGAGES ⊜⟶138(2) — SUBSEQUENT MORTGAGEE—TITLE.

Although prior mortgagee of crop joined mortgagor in execution of note to subsequent mortgagee, the title of the subsequent mortgagee was subordinate to that of the prior mortgagee; prior mortgagee not having either signed the subsequent mortgage or waived rights under prior mortgage.

Appeal from Circuit Court, Lawrence County; Robert C. Brickell, Judge.

Action by Dee Almon against the Home Supply Company. From the judgment rendered, defendant appeals. Reversed and remanded.

See, also, 16 Ala. App. 189, 76 South. 473.

W. P. Chitwood and J. M. Irwin, both of Moulton, for appellant.

C. M. Sherrod, of Courtland, and E. 'B. Downing, of Moulton, for appellee.

BROWN, P. J. [1] The plaintiff, by filing a special replication to the defendant's second plea, without a joinder of issue on said plea confessed it, and, unless the proof sustains the replication, the plaintiff was not entitled to recover. Zadek v. Forcheimer, 77 South. 941;[1] Ala. Nat. Bank v. Halsey, 109 Ala. 196, 19 South. 522; Woodall· & Son v. People's Nat. Bank of Leesburg, 153· Ala. 576, 45 South. 194.

While the proof shows that Windham joined with Steele in the execution of the note ·to· the plaintiff, Windham did not sign the mortgage, and there is nothing in the note that can be construed as a transfer of Windham's rights under the prior mortgage, or a waiver thereof. Therefore the following material averments in the replication are not proven, to wit:

'The said Will Steele and the said Windham jointly executed to the plaintiff their certain chattel mortgage, conveying to the plaintiff all the crops raised or to be raised by the said Will Steele and family during the year 1914, * * *

and that by reason of the execution of said mortgage of February 12, 1914, the legal title of said cotton was conveyed to the plaintiff by the said Windham and Steele," etc., and the plaintiff must fail.

[2, 3] This being an action for the conversion of chattels, involving the single question as to whether the plaintiff had such title to the chattels as entitled him to sue for its conversion, all the facts pertaining to this issue were admissible under the general issue. Barrett v. City of Mobile, 129 Ala. 179, 30 South. 36, 87 Am. St. Rep. 54; Smith v. Davenport, 12 Ala. App. 456, 68 South. 545. And considered even in this light, the title conveyed by the mortgage of Steele to Almon was subordinate to the title of Windham, and, the cotton having been delivered to Windham under his mortgage, he had the right to sell it to defendant and invest it with the legal title.

This is the second appeal in this case, and, with a view of determining whether the judgment of the trial court should be reversed and one here rendered, we have examined the record on the former appeal, and that record shows that the mortgage to appellee was signed by both Steele and Windham, and, while we are governed by the record on the present appeal in disposing of the question, we deem it proper to say that, if on another trial it is shown that the mortgage to plaintiff was signed by both Steele and Windham, the plaintiff should recover, because whatever title Windham acquired by the mortgage he took from Steele he conveyed to the plaintiff.

The judgment .is therefore reversed, and the cause is remanded.

Reversed and remanded.