141 So. 719

## FIRST NAT. LIFE INS. CO. OF AMERICA v. FORD.

### 5 Div. 863.

Court of Appeals of Alabama.
April 19, 1932.

Rehearing Denied May 10, 1932.

Jacob A. Walker, of Opelika, and Wallace D. Walters, of Troy, for appellant.

SAMFORD, J.

On April 5, 1930, the defendant company issued a policy of insurance on the life of Lovic Ford, in consideration of the application and annual premiums of $10.68 payable in monthly installments of 89 cents each. The first premium installment was to be paid upon the issue of the policy, and the succeeding installments to be paid the fifth of each month following. There was included in the policy the usual requirements for the prompt payment of each installment premium when due and in event of nonpayment that the policy should become void.

■ This was one of the issues in the case. There was no doubt but that the first two installments had been paid, but as to the third and fourth there was much uncertainty. The insured died July 29, 1930. As to this question there was evidence pro and con; but in the absence of a motion for a new trial this court is powerless to interfere.

The policy contained the following clauses: "This insurance is granted in consideration of the representations in the application hereof, which application is made a part hereof, and the payment of the annual premium, etc. * * *" Also: "Statements of insured: All statements and representations of the insured as set forth in the application therefor are material inducements for the issuance of this policy, and are relied on by the Company at the time of its issue, and in the event of falsity of any or all of same this policy shall operate as a nullity from the date of its issuance in so far as liability of the Company for payment of indemnities or benefits hereunder are concerned." Also: "This policy together with the application therefor shall constitute the entire contract between the parties hereto and only the President, Vice-President or Secretary has power on behalf of the Company (and then only in writing) to make or modify this policy of insurance, or to extend or change the time of paying the premiums. The Company shall not be bound by any promise or representations heretofore or hereafter made by any person other than the above. All statements made by the insured in the application for this policy, in the absence of fraud, shall be deemed representations and not warranties." The application which was signed by the insured, who could read and write, was a part of the contract and contained, among others, the following provisions:

"I understand and agree, that I have made the foregoing statement as representations to induce the issue of the policy and to that end I agree that if any one or more of them be false all right to recover under said policy shall be forfeited to the Company, if such false statement was made with actual intent to deceive or if it materially affects either the acceptance of the risk or the hazard as-

Albert Hooton, of Dadeville, for appellee.

sumed by the Company; that the insurance hereby applied for will not be in force until this application has been accepted by the Company and the policy delivered to me while I am in good health and free from all injury; and that no agent, solicitors, or any other person, except the President, Vice-President, or Secretary of the Company, and only then in writing, are authorized to modify or change any of the terms or conditions hereof.

"Special Questions for Women Applicants.

| Number of children born? When last confined? (Month and year) | 5 Sept. 2—1927 |
| Have your pregnancies and labors been normal? If not, give details. | No |
| Are you now pregnant? | No |
| Any abortions or miscarriages? Dates (Year) | No |

It was admitted that at the time of the issuance of the policy the insured was pregnant and was from four and one-half to five months in pregnancy. The evidence is without dispute that this condition was an increased hazard in the risk. It appears from the evidence that insured died as a result of childbirth. It is conceded that the misrepresentation as to pregnancy is sufficient to avoid the policy, unless there is a waiver on the part of the company, and this waiver the plaintiff undertook to prove and offered some evidence tending to prove that the agent of defendant knew of the condition at the time he solicited and took the application, and that this knowledge was imputed to defendant by reason of the agency at the time the policy was issued. The only agency shown was that of a solicitor with authority to solicit insurance, taking an application therefor signed by the party desiring insurance, to forward the application to the home office of the company, and when the policy was issued to deliver the same and collect the premium. It is here insisted that by reason of the above defendant is estopped to claim a forfeiture by reason of the misrepresentation.

■ It is laid down as a general rule, never deviated from in this state, that the authority of an agent to solicit insurance, receive and receipt for premiums, without more, does not give such special agent the general authority to bind the company so as to estop it from relying upon the terms of its written contract. Prine v. Am. Cent. Ins. Co., 171 Ala. 343, 54 So. 547; Alabama Assurance Co. v. Long, 123 Ala. 667, 26 So. 655; Life Ins. Co. of Va. v. Newell, 223 Ala. 401, 137 So. 16; Bankers' Credit Ins. Co. v. Ayres, 223 Ala. 407, 137 So. 23.

■ Generally speaking, there is no doubt of the proposition that when, in the course of his employment, an agent acquires knowledge or receives notice of any fact material to the business he is employed to transact,

his principal is deemed to have notice of such fact. Courts have always been anxious to take care of the rights of the assured when the applicant has relied upon the agent informing the company of what has been truthfully told to him about the character of the risk: "But the courts never have said the company is bound by statements contained in an application, when not only the agent, but the assured knows they were untrue, and calculated to deceive, and the application is to be forwarded to the company as the basis of its action." Ketcham v. Am. Mu. Acc. Ass'n, 117 Mich. 521, 76 N. W. 5, 6. The Supreme Court of this State in American Cent. Life Ins. Co. v. First Nat. Bank of Enterprise, 206 Ala. 535, 90 So. 294, quoted the above quotation with entire approval, and then proceeded to the editorial note to Mudge v. Supreme Court I. O. O. F., 14 L. R. A. (N. S.) 280, in which it is stated: "The courts are almost unanimous in holding that an insurance company will not be estopped merely by the knowledge of its agents who negotiated the policy, to set up the falsity of answers in the application, if the insured was himself a party to the deception. * * * To so hold would put these organizations completely at the mercy of dishonest and unscrupulous agents." The above view is upheld in Triple Mu. Ind. Ass'n v. Williams, 121 Ala. 138, 26 So. 19, 77 Am. St. Rep. 34; Commonwealth Life Ins. Co. v. Wilkinson, 23 Ala. App. 561, 129 So. 300 and many authorities there cited.

■ In the absence of misrepresentation, fraud, or deceit, a person who can read and write is bound by the contract which he signs, even though the signer did not know its contents. Commonwealth Life Ins. Co. v. Wilkinson, 23 Ala. App. 561, 129 So. 300.

■ The defendant on the evidence adduced was entitled to the general charge, and, for the error in refusing it, the judgment is reversed and the cause is remanded.

Reversed and remanded.