162 So. 560

**NATIONAL LIFE & ACCIDENT INS. CO.**
**v. CUMMINGS.**
6 Div. 682.

Court of Appeals of Alabama.
May 7, 1935.

Rehearing Denied June 25, 1935.

482

Wm. A. Jacobs, of Birmingham, for appellant.

Chester Austin, of Birmingham, for appellee.

SAMFORD, Judge.

The defendant filed on October 17, 1932, in said cause the following motion, to wit:

"Comes the defendant and appearing specially for the purpose of this motion, and for no other purpose, represents unto the Court as follows:

"Heretofore, on, to-wit, the 7th day of September, 1932, this same plaintiff in this case, filed a suit against this same defendant on this same cause of action in the Jefferson County Court of Common Claims, at Birmingham, Jefferson County, Alabama being a court of competent jurisdiction, and said case in said Jefferson County Court of Common Claims came up for trial in said Court, and a trial was had, on, to-wit, the 4th day of October, 1932, and at the end of said trial, and before the Judge had rendered a judgment in the case, the said plaintiff took a voluntary non-suit, and thereafter, without paying the Court cost accrued in said case in said Jefferson County Court of Common Claims, and taxed therein against this plaintiff, this plaintiff filed this suit in the Circuit Court, and said costs in said Jefferson County Court of Common Claims are still unpaid.

"Wherefore, the defendant moves the Court that this case be abated and dismissed.

"Wm. A. Jacobs, Attorney for the Defendant."

This motion was by the court continued until November 2d. On the hearing of the motion on November 2d, the court entered the following order:

"On this the 2nd day of November, 1932, came the parties by their attorneys, and this motion is argued and submitted to the Court, and the same having been fully considered and understood by the Court,

"It is ordered and adjudged by the Court that the costs in said case in said Court of Common Claims be paid on or before December 1st, 1932."

The above motion, being in writing and in a circuit court in a cause therein pending, becomes on appeal a part of the record, as does also the ruling of the court thereon to be considered and passed on by this court on appeal, without the formal necessity of an exception. Code 1923, § 9459.

Section 7222 of the Code of 1923 provides: "Whenever a suit has been dismissed or nonsuit taken, or when there has been one judgment in favor of the defendant in an action of ejectment, at the time of the filing of another suit, involving the same claim, cause of action or land, between the same parties or their privies, the party filing the new suit must also pay into court all costs incurred in the former suit, and, upon his failure to do so, the judge, upon motion of the defendant or any other party in interest shall dismiss said action; but upon good cause shown, the judge may permit the party to pay such costs within ten days and proceed with the suit."

The defendant's motion to dismiss was filed under and by authority of the above section, and it became the imperative duty of the court to act upon and to dismiss the action. This was the defendant's right, which could have been enforced by mandamus, except that the court in and by the section is given the discretion: "Upon good cause shown, the judge *may* permit the party to pay such costs within *ten days* [italics ours] and proceed with the suit."

The section of the Code, supra, is both inclusive and exclusive. It includes

the rights of the parties, the powers of the court, and excludes every other remedy relative to its enforcement, except as is therein provided.

Before the adoption of the Code of 1923, the power over such matters as the requirement, a condition precedent, the payment of costs in former suits was largely in the discretion of the judge sitting as a chancellor in equity cases, and this statute, section 7222, was intended to extend this power to cases at law, within the limitations therein named. This extended power was adverted to in Hillhouse v. Hillhouse, 221 Ala. 678, 130 So. 206, but we do not think that case intended, by the dictum there used, to nullify the limitations upon the discretion of the judge in a court of law.

In Ex parte Canada Life Assurance Company, 217 Ala. 210, 115 So. 244, which is a case bearing on the discretion of the judge exercised within the 10-day limit as fixed by the statute, Anderson, C. J., pointed out the distinction between mandatory statutes and those giving a clear discretion. In that case, however, it was a question of good cause shown within 10 days, and the decision of the majority of the court in that case is rested on that question alone.

█ We are clear to the conclusion that the trial judge committed error in extending the time of payment of the costs beyond the period of 10 days.

█ As we have said above, the statute, supra, carries within itself its own remedy for enforcement which is by motion to dismiss and the failure of the trial judge to act or his refusal to grant the motion may not properly be raised by plea in bar or by plea in abatement.

██ Defendant's plea 10, after setting out the application for insurance signed by deceased, in which he represented that he was not at the time insured in defendant's company, continues as follows:

"Defendant avers that the representation contained in said application that the insured was not then already insured in the defendant company was false in that the plaintiff at that very time was insured in the defendant company under one or more life insurance policies, and the said insured knew said representation was false and made it with actual intent to deceive and defendant was thereby deceived and relying thereon issued said policy of insurance.

"Defendant further avers that said policy of insurance, which forms the basis of this action contains among others the following provision:

"Unless otherwise stated in the 'Space for Endorsements' in a waiver signed by the President or Secretary, this Policy is void, if the insured before its date has been rejected for insurance by this or any other Company, Order or Association; or if any Policy on the life of the Insured has been issued by this Company and is in force. at the date hereof, unless this Policy contains an endorsement signed by the President or Secretary that such prior Policy may be in force. The Company shall not be presumed or held to know of the existence of any previous rejection, or any previous policy unless such fact or facts shall be expressly shown in the application, and the issue of this policy shall not be deemed a waiver of this condition.

"Defendant further avers that the policy sued on in this case does not contain an endorsement signed by the President or the Secretary of said defendant Company that such prior policy may be in force. Defendant further avers that prior to the filing of this suit, it tendered to the plaintiff $23.50, the amount of premiums received on said policy by the defendant, and defendant now brings said sum and pays the same into court in this case as a tender of said premiums."

Plea 3 was similar to plea 10. These pleas were held good on demurrer and to which plaintiff filed replication as follows:

"Comes the plaintiff in the above styled cause and for further answer to pleas 3 and 10 and files her replication.

"That P. C. Kidd who is the general agent of the defendant company, in Birmingham, Alabama, and in charge of the Birmingham office of Defendant Company at the time all three policies of insurance were taken out with the insured were taken out, had the authority as a general agent to waive any provision in said policy that is made the basis of this suit.

"That after the insured had taken out the third policy of insurance, namely policy E 10772853, the said P. C. Kidd who was the general agent in charge of de-

fendant's office in Birmingham, at which office all three policies carried on the life of insured were written and the premiums collected, admitted that he knew the insured had three policies with the defendant company, and after he admitted knowledge of these facts continued to allow all of said insurance to remain in force and continued to collect premiums on all three policies up until the death of insured, therefore the provision in said policy:

" 'Unless otherwise, stated in the' space for endorsements in a waiver signed by the President or Secretary, this policy is void if the insured before its date has been rejected for insurance by this or any other company, order or association; or if any policy on the life; or, if any policy on the life of this insured has been issued by this company and is in force at the date hereof, unless this policy contains an endorsement signed by the President or Secretary that such prior policy may be in force. The Company shall not be presumed or held to know of the existence of any previous rejection or any previous policy unless such fact or facts shall be expressly shown in the application, and the issue of this policy shall not be deemed a waiver of this condition. —"has been waived by defendant's general agent and defendant is estopped from setting up said provision above set out as a defense to this action by allowing said insurance to remain in force and continue to accept the benefits, or premiums after knowledge of these facts."

This replication alleges that Kidd, defendant's agent at Birmingham, "had the authority as a general agent to waive any provision in said policy that is made the basis of this suit," and "Kidd who was in charge of defendant's office in Birmingham at which office all three policies carried on the life of insured *were written* and the premiums collected." The evidence in the case without conflict sustains defendant's pleas 3 and 10 and the plaintiff by her replication sets up a waiver of the misrepresentation set out in said plea. It is admitted that the waiver was not made by the president or secretary of defendant as was stipulated in the contract. Plaintiff seeks to avoid this by alleging that Kidd, defendant's agent at Birmingham, had the authority to waive the provisions in said policy, and that all of the policies were written *in* Kidd's Birmingham office. Without this proof this defendant would not be bound by the

waiver. First National Life Insurance Company v. Ford, 25 Ala. App. 122, 141 So. 719, and authorities there cited.

As to proof of the general agency of Kidd, with power to waive the terms of the policy or that the provision was so waived by Kidd as to bring notice to defendant, the proof has utterly failed. As to this point, which is vital to plaintiff's case, there is no evidence. On the contrary, the undisputed evidence shows that Kidd was defendant's local manager at Birmingham, with power and authority to manage subsoliciting agents, receive and receipt for premiums, to accept applications for policies and to forward such applications to the home office where the policies were written and sent to Kidd for delivery. Such agent has no authority to waive a condition of a policy providing that it shall be void in case insured procures additional insurance; nor is notice to him notice to the company. Alabama State Mut. Assurance Company v. Long, etc., Co., 123 Ala. 667, 26 So. 655; Prine v. American Central Insurance Company, 171 Ala. 343, 54 So. 547; North Carolina Mutual Life Insurance Company v. Kerley, 215 Ala. 100, 109 So. 755. Having failed to make proof to sustain the allegations as to the general agency of Kidd, with authority to waive the representations in the policy relative to additional insurance, the defendant was entitled to the general charge.

Plea 2 sets out a clause on the policy contract providing that no obligation is assumed by the company unless on the date of delivery the insured was alive and in good health. Plea 4 sets up a representation contained in the application that defendant had never had tuberculosis, and alleges that such representation was false. Plea 5 sets up a representation that he had not had any medical or surgical treatment within five years next preceding the date of the application, and alleges its falseness. Pleas 6 and 7 are the same as plea 5, except that they allege an actual intent to defraud. Plea 8 alleges a representation that insured had never been in a hospital for treatment and that said representation was false, made with the intent to deceive. Plea 9 alleges false representations as to being in good health, and that this representation was made with the intent to deceive. All of the foregoing defenses were good and available to the defendant, if

proven to the satisfaction of the jury. Metropolitan Life Ins. Co. v. Chambers, 226 Ala. 192, 146 So. 524.

On the issues as presented by the foregoing pleas, the evidence was in conflict, and we cannot say that the overwhelming weight of the evidence sustained the pleas so as to bring the case within the influence of Miller v. Met. Life Ins. Co., 214 Ala. 4, 106 So. 335.

As to pleas 3 and 10, there was no general replication joining issue on the pleas. The special replication to these pleas was by way of confession and avoidance, and the proof not sustaining the replication the plaintiff cannot recover. Home Supply Co. v. Almon, 17 Ala. App. 3, 81 So. 179.

Other questions not passed upon will probably not arise on another trial, but for the error pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.