170 So. 346

## HAMILTON et al. v. BURGESS.

### 8 Div. 317.

Court of Appeals of Alabama.

April 7, 1936.

Rehearing Denied May 5, 1936.

Affirmed on Mandate Oct. 27, 1936.

J. Foy Guin, of Russellville, for appellants.

Jas. L. Orman, of Russellville, for appellee.

BRICKEN, Presiding Judge.

The only questions presented by this record arose on the pleadings, and the principal insistence of error, as indicated by the assignment of errors, is the action of the court in overruling defendant's demurrer to plaintiff's replications two and four.

Appellee sued appellants on a promissory note, and among other defenses defendants pleaded as follows:

"The defendants for further answer to the complaint plead and say:

"A. That the defendant, H. H. Hamilton in Nov. 1930 was a practicing attorney at law and is the principal debtor herein, the defendant S. L. Hamilton being a surety merely. That on to-wit, Nov. 18, 1930 the plaintiff was the owner of a mortgage indebtedness of Ada Hyde and Richard Hyde, which mortgage H. H. Hamilton held for foreclosure, as attorney for C. R. Burgess, and which was in process of foreclosure. That one J. H. McIntosh had the plaintiff transfer the mortgage to him and paid the plaintiff's full debt including an attorney's fee of $150.00, for which $150.00 the plaintiff thereby became indebted to H. H. Hamilton. That plaintiff paid $75.00 of said amount to H. H. Hamilton leaving $75.00 thereof unpaid, which, together with the interest thereon, these defendants offer to set-off against the demand of the plaintiff, and they claim judgment over for the excess.

"B. That in May 1931, the defendant H. H. Hamilton was a practicing attorney at law and is the principal debtor herein, the defendant S. L. Hamilton being a surety merely. That on, to-wit: May 5,

1931, H. H. Hamilton, as attorney for C. R. Burgess foreclosed a mortgage of C. S. Stansell to C. R. Burgess and added to and included in the mortgage debt an attorney's fee of $166.00. That C. R. Burgess bought the mortgaged property at foreclosure sale, and conveyed the same to himself at and for the full mortgage debt including interest and said fee. That thereby he became indebted to said H. H. Hamilton in said amount of $166.00 which, together with the interest thereon, these defendants offer to set-off against the demand of the plaintiff, and they claim judgment over for the excess."

Plaintiff's replication to the foregoing, among other things, was as follows:

"2. That the defendant, H. H. Hamilton did agree to accept one-half the amount paid by Mr. McIntosh as attorney's fee for his services in and about the R. D. Hyde mortgage matter which one-half of the fee was $75.00 which the plaintiff paid and said defendant accepted in full satisfaction for his said services to plaintiff."

"4. That the defendant H. H. Hamilton did agree to accept one-half of the amount of the reasonable attorney's fee included in the amount due under that C. S. Stansell mortgage which the plaintiff gave the said defendant credit for on the note here sued on and which the said defendant accepted in full satisfaction for his said services to the plaintiff in this instance."

As stated, the defendants and each of them separately and severally demurred to the foregoing replications upon the following grounds:

"Come the defendants and each of them, separately, and severally demurs to replications #2 and #4, and to each of such replications separately and severally, and assign the following grounds:

"1. No defense or reply, recognized by law, is interposed therein.

"2. It is not averred that the plaintiff · was an attorney at law.

"3. For aught that appears, the plaintiff was not a member of the legal profession and, therefore, the agreement · to split fees was contrary to public policy, unlawful, null and void.

"4. The alleged agreement affirmatively appears to have been champertous."

■ The assignments of error as to the foregoing are well taken and are sustained. The purported agreement in the replications complained of is plainly against public policy, and by its terms is clearly champertous, and such an agreement, if made, will not meet the sanction of the courts.

Contracts of this character as between parties are prohibited, and courts generally have held that agreements founded on considerations tainted with champerty are against public policy and void; and, if the facts show champerty, the form of the contract adopted by the champertor to defeat the effect of the law will be disregarded. 11 Corpus Juris, 268.

■ An attorney may be allowed to contract for a fee other than the usual or reasonable fee; but no question of this character is here presented by the pleadings, which show conclusively, and in which it is admitted, this appellee (plaintiff) collected the attorney's fees of $150 and $166 respectively in proceedings mentioned, and under the law stated no part of these fees belonged to him, but the total amount was the property of the attorney who performed the legal services for plaintiff, and a recovery thereof may be had on the quantum meruit. Farrell v. Betts & Betts, 16 Ala.App. 668, 81 So. 188, headnote (4). See, also, Code 1923, §§ 3308, 3309, and 6251. Goodman · v. Walker, 30 Ala. 482, 500, 68 Am.Dec. 134; Elliott v. McClelland, 17 Ala. 206, 209, 210; Holloway v. Lowe, 1 Ala. 246, 248; Langdon v. Conlin, 67 Neb. 243, 93 N.W. 389, 60 L.R.A. 429, 108 Am.St.Rep. 643, 2 Ann.Cas. 834.

This the trial court should have held, and the court's action in overruling the demurrer to the designated replications of plaintiff was error, necessitating a reversal of the judgment from which this appeal was taken.

Reversed· and remanded.

### After Remandment.

BRICKEN, Presiding Judge.

The views of this court were expressed in the foregoing opinion. On certiorari of this case to the Supreme Court, 170 So. 348,[1] that court did not concur on one proposition of law pronounced by this court; hence, by virtue of the statute, the opinion formerly rendered must be modified to conform to the opinion of the Supreme Court.

---

[1] 233 Ala. 4.

**274**

Section 7318, Code 1923. The order of reversal and remandment entered by this court on April 7, 1936, must be withdrawn, and an order here made affirming the judgment of the lower court from which this appeal was taken; the opinion of the Supreme Court, supra, must prevail.

Affirmed on the authority of H. H. Hamilton et al. v. Burgess, 233 Ala. 4, 170 So. 348.

Affirmed.

