GUSTAV CHRISTENSEN V. W. D. ANDERSON ET AL.

Decided October 13, 1900.

**Practice on Appeal—Filing Transcript After Ninety Days.**

While the appellate court may, under the statute and for good cause shown, permit a transcript to be filed after ninety days, yet such permission will be denied where more than a year has, elapsed since the appeal was perfected, although appellees' attorney consents to the filing, and the delay was, for part of the time, at his request, made because of a pending effort between the parties to compromise. Rev. Stats., art. 1015.

APPEAL from Dallas. Tried below before Hon. W. J. J. SMITH.

*Harry Lawther*, for appellant.

### ON MOTION TO FILE TRANSCRIPT

RAINEY, CHIEF JUSTICE.—This is a motion by appellant to be allowed to file a transcript in this cause, the statutory period of ninety days in which .the law permits transcripts to be filed having expired. The appeal was perfected on July 15, 1899, and this motion was filed August 9, 1900. The causes for the failure to file are set forth in the motion, which we here insert, omitting the formal parts, to wit: "That this appeal was perfected on the 15th day of July, 1899, and that the ninety days period within which, under the law, this appellant should have filed his transcript, expired on the 15th day of October, 1899; that said transcript was ordered and received from the clerk and was delivered to the attorney for the appellant on the 6th day of October, 1899; and would have been filed in this court immediately but for the fact that a proposition of compromise and settlement of the matters in dispute in this case was then pending between the parties, and the attorney for appellees herein requested the appellant's attorney not to file the transcript until it was determined whether or no the parties could agree on a compromise and settlement of the matters in controversy, at the same time offering and agreeing to consent to the filing of the transcript after the expiration of the said ninety days. In this request attorney for appellant acquiesced, and thereafter, in the month of November or December, 1899, said proposition for compromise having failed, and it having been determined that no settlement of the matters in controversy could be reached by the parties, attorney for appellant prepared a motion, asking leave of the court to file his transcript, and presented the same to the appellees' attorney for his written consent and agreement thereto; that appellees' attorney inquired. of appellant if he had his brief prepared, and upon being

informed that he did not, he requested appellant's attorney to delay the filing of his motion and the filing of the transcript until he should have printed and presented to appellees' attorney his brief; this request appellant's attorney acquiesced in, his understanding being that the court had prescribed no rules as to a time limit within which a transcript would be permitted to be filed after the expiration of the ninety days from the time appeal was perfected, and in accordance with the statute in such case made and provided, exercised its sound discretion in the premises, and that when the appellees consented to the filing of the same that the court had never refused to permit transcripts to be filed, if the filing was within a reasonable time and good cause was shown for the failure to file the same within the statutory period.

"Appellant shows that thereafter, and during the winter months, the time of his attorney was so engrossed with other and pressing business which demanded his immediate attention that he delayed the preparation of his brief herein until he would have the time to devote to its preparation which the importance of the issues involved demanded; and that relying upon his said understanding of the practice of the court and upon the promises of appellees' attorney and his agreement with him, he believed that said delay would work no prejudice to the rights of his client, said appellant.

"Appellant shows that he now has said brief prepared and has delivered copies of the same to the attorney for appellees, and presents herewith his transcript, together with his brief, and prays leave of the court to file the same; and shows to the court that he has good grounds for his said appeal, as will be found by an inspection of his said brief; that an injustice has been done him by the judgment of the lower court, and that he believes this court, upon an inspection of the record and consideration of said brief, will so conclude; that great injustice will be done him should the court fail to permit him to file his said transcript and brief; that appellees are willing and herewith consent to the filing of the same.

"Appellant further shows that his failure to file said transcript and brief has not been for the purpose of obtaining delay, or by reason of negligence on his part to promptly comply with the requirements of the statute in reference to an appeal, but, as hereinbefore set forth, has been occasioned by the request and agreements of the appellees, and by the information received that the practice of the court was that if the delay did not extend for two years, and if good cause was shown, this court had uniformly permitted transcripts to be filed, the opposite party consenting and agreeing thereto."

Article 1015, Revised Statutes, provides: "In any appeal or writ of error as provided for in this chapter, the appellant or plaintiff in error shall file the transcript with the clerk of the Court of Civil Appeals within ninety days from the perfecting of the appeal or service of the writ of error; provided, that for good cause the court may

permit the transcript to be thereafter filed upon such terms as it may prescribe."

This provision of the law contemplates that transcripts shall be filed within ninety days after perfecting the appeal, or service of the writ of error, but the law-makers, realizing that some intervening cause over which the parties had no control might prevent the filing within that period in some cases, saw proper to give the appellate courts discretion to permit the filing after that period for *good cause shown.*

What constitutes *good cause* is not stated by the statute, nor could it well be, but must depend upon the circumstances of each case and to be determined by the sound discretion of the court. This court has heretofore given this statute a liberal construction, and has doubtless, in some cases, given it a more liberal construction than was contemplated by the Legislature.

The courts have always regarded compromises of litigation with favor, and when a short delay in filing the transcript has been caused by an effort to compromise, this court would not be inclined to refuse to permit the filing, where it was agreed to by the opposite party. In such cases, even if a strict construction should be given the statute, the party should show diligence in the effort to compromise. If it should be conceded that the effort to compromise as stated in the motion was a sufficient excuse for the delay in filing up to the time it was known by appellant that the proposition to compromise had failed, which we are not prepared to do, yet the delay for more than seven months thereafter before seeking to file the transcript in order that counsel might find time from engrossing business to prepare the briefs, though having the consent of opposing counsel, is not a sufficient excuse for not sooner filing the transcript. To so hold would be giving to the statute a much more liberal construction than was even intended by the Legislature.

More than twelve months elapsed from the time the appeal in this case was perfected till this motion was filed. Under the facts alleged we consider this length of time unreasonable, and the motion is therefore overruled.

*Motion overruled.*