(115 So. 244)

## Ex parte CANADA LIFE ASSUR. CO.

## CHOATE v. CANADA LIFE ASSUR. CO.

### (6 Div. 40.)

Supreme Court of Alabama.   Jan. 26, 1928.

1. Costs ⊂⊃278—Trial judge's discretion as to "good cause" for permitting plaintiff to pay costs in former suit within ten days after second suit is not unconditional or unrevisable (Code 1923, § 7222).

Trial judge's discretion in determining what is "good cause" for permitting plaintiff to pay costs in former suit within ten days after filing second suit, under Code 1923, § 7222, is not unconditional or unrevisable by Supreme Court as for abuse of discretion.

2. Costs ⊂⊃278—"Good cause" for permitting plaintiff to pay costs in former suit depends on circumstances, determined largely by court's sound discretion (Code 1923, § 7222).

What is "good cause" for permitting plaintiff to pay costs in former suit within ten days after filing second suit, under Code 1923, § 7222, depends on circumstances of each case, determined largely by sound discretion of court.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Good Cause.]

3. Costs ⊂⊃278—Holding that good cause for permitting plaintiff to pay costs in former suit, in which he took voluntary nonsuit within ten days after filing second suit was shown, held not abuse of discretion (Code 1923, § 7222).

Trial court's holding that good cause for permitting plaintiff to pay costs in former suit, in which he took voluntary nonsuit within ten days after filing second suit, and so, under Code 1923, § 7222, avoid dismissal of second action, was shown by evidence that he was unable to raise money except by borrowing from his attorney, who did not inform him that payment thereof was condition precedent to filing new suit and was lending him amount, which he would have done before if requested, held not abuse of discretion.

Anderson, C. J., dissenting.

Original petition by the Canada Life Assurance Company for mandamus to Richard V. Evans, Judge of the Circuit Court of Jefferson County, to compel respondent to dismiss the suit of Joseph C. Choate against petitioner.   Writ denied.

The order and special finding of facts made by the trial judge is as follows:

"That heretofore, to wit, on October 14, 1926, plaintiff in this cause filed a suit in this court against the defendant involving the same claim and cause of action which is set out and claimed in this cause of action. The said suit was filed between the same parties on, to wit, October 14, 1926, in the pending cause.

"That on, to wit, March 22, 1927, the plaintiff took a voluntary nonsuit of said former action, and on the same day filed the suit now pending against this defendant.

"That the plaintiff did not pay into court all costs incurred in the former suit at the time of filing the new suit, and upon hearing testimony herein the court ascertains the facts to be that the plaintiff herein was financially involved and in financial straits, and, according to the testimony, unable on his own account to raise the money to pay the costs in question, unless it might have been loaned to him by attorney for plaintiff, and that the financial condition of the plaintiff herein continues until this day.

"That plaintiff's attorney the day he dismissed the suit secured a bill of costs, and informed the plaintiff that the costs would have to be paid, but that he did not inform him that it was a condition precedent to filing a new suit, or that the law required it to be paid at or before the time of filing the new suit.

"Plaintiff's counsel further testified that he is now lending the plaintiff the money to pay the costs, in view of the fact that a motion is made to dismiss the present suit, and that, had he felt then like he does now, he would have loaned him the $41, if he had had the $41, and that he could have procured the $41 by borrowing it, or by mortgaging something.

"Upon a consideration of the testimony herein, the court orders that the present suit be dismissed within 10 days from date hereof, unless the costs in the former suit be paid in the interim.

"And the defendant excepts."

Defendant moved the trial court to dismiss the suit. The trial court by its decree overruled said motion to dismiss, reciting the payment by plaintiff of the costs of the former suit within 10 days from the date of the order hereinabove set out. Plaintiff brings this petition for a writ of mandamus requiring the circuit judge to enter an order dismissing the pending suit.

Martin, Thompson, Foster & Turner, of Birmingham, for appellant.

Sections 7222 and 7249 of the Code of 1923, are mandatory and require a dismissal on motion of defendant, and refusal to sustain the motion is reviewable by mandamus. Ex parte Bradshaw, 174 Ala. 243, 57 So. 16; Ex

───────────────────

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

parte Robbins, 29 Ala. 71; Ex parte Cole, 28 Ala. 50. See Ala. F. & I. Co. v. Williams, 207 Ala. 99, 91 So. 879. On the question of "good cause," see Christensen v. Anderson, 24 Tex. Civ. App. 345, 58 S. W. 962; Hubbard v. Yocum, 30 W. Va. 740, 5 S. E. 867; Home S. M. Co. v. Floding, 27 W. Va. 540; Ruffner v. Love, 24 W. Va. 181.

Harrison Kendrick, of Birmingham, for appellee.

Counsel discusses the questions raised, citing Cloe v. State ex rel., 209 Ala. 544, 96 So. 704.

ANDERSON, C. J. [1] Section 7222, which is new to the Code of 1923, reads as follows:

"Whenever a suit has been dismissed or nonsuit taken, or when there has been one judgment in favor of the defendant in an action of ejectment, at the time of the filing of another suit, involving the same claim, cause of action or land, between the same parties or their privies, the party filing the new suit must also pay into court all costs incurred in the former suit, and, upon his failure to do so, the judge, upon motion of the defendant or any other party in interest shall dismiss said action; but upon good cause shown, the judge may permit the party to pay such costs within ten days and proceed with the suit."

It must be observed that this provision requires the payment of the cost in the former suit upon filing the second suit, yet it does not give the court the right to dismiss the second suit ex mero motu as for said failure, but only that it shall be done upon motion of the defendant or any other party in interest, but the judge may upon "good cause shown" permit the party to pay such cost within 10 days and proceed with the suit.

Here the cost of the former suit was not paid when the second was filed, and the defendant moved to dismiss the second suit for said failure. The trial court did not dismiss the suit, but required plaintiff to pay the cost within ten days, and which was promptly done. This section does not give the judge the unbridled right or discretion to permit the payment of the cost within 10 days, but merely authorizes it to be done "upon good cause shown." It may be that what is or is not a good cause is a question largely within the discretion of the trial judge, not unconditional, however, or unrevisable by this court as for an abuse of discretion. Here there was a special finding of the facts, and the question is, Did they show a good cause or excuse for a failure to pay the cost when the second suit was filed? In the first place, the financial inability of the plaintiff was not a good cause, as he should have made his financial arrangement before the second suit was filed, nor is ignorance of the law deemed a good excuse for a failure to comply therewith. On the other hand, the proof shows that plaintiff's attorney told him the cost would have to be paid, but did not tell him the second suit would be dismissed if the cost was not paid, but they were chargeable with notice of the law. It also appears that the attorney would have advanced the cost, if requested, just as he did after the motion was made. It therefore seems that plaintiff and his attorney acted through ignorance of the law, or, if not ignorant thereof, they speculated on getting by without paying the cost, unless defendant made a motion to dismiss.

[2] The authorities are not very numerous in defining "good cause," as these words seem to have no fixed meaning, but must depend upon the circumstances of each case determined largely by the sound discretion of the court. Christensen v. Anderson, 24 Tex. Civ. App. 345, 58 S. W. 962. There are a few cases somewhat analogous to the one in hand. In the case of Hubbard v. Yocum, 30 W. Va. 740, 5 S. E. 867, it was held that, when a statute gave the right of appeal from a justice within 10 days from the entry of the judgment or thereafter, and, within 90 days upon showing good cause for not having taken the appeal within the 10 days, the fact that the defendant was a nonresident, and did not know that the appeal was required to be taken within 10 days, is not good cause for granting an appeal. The words "good cause" in the statute authorizing appeals after the prescribed time upon showing good cause mean a showing that appellant was prevented from taking his appeal within the time by fraud, surprise, or adventitious circumstances beyond his control as would entitle him to a new trial. Home Machine Co. v. Floding, 27 W. Va. 540.

It must be observed that the latter part of section 7222, making a showing of "good cause" as a condition precedent for further time, is differently worded from other statutes bearing upon similar questions. For instance, section 7249, providing for the dismissal of suits by nonresidents, if security for cost is not given when suit is commenced, says: "Or within such time thereafter as the court may direct," while section 6145 of the Code of 1923 provides: "No appeal shall be dismissed for want of a sufficient appeal bond or bond for the cost of the appeal, if the appellant will give a sufficient bond."

[3] The majority do not agree with the writer, and think, and so hold, that the mandamus must be denied. They are of the opinion that the trial court did not abuse its discretion in holding that good cause was shown. Jagues v. Chandler, Ex'x, 73 N. H. 376, 62 A. 713; Sylvester v. Olson, 63 Wash. 285, 115 P. 175.

Mandamus denied.

All the Justices concur, except ANDERSON, C. J., who dissents.