## L. H. LACY CO. v. FLOWERS et ux.

### No. 4137.

Court of Civil Appeals of Texas. Beaumont.
March 11, 1943.

Rehearing Denied March 24, 1943.

Touchstone, Wight, Gormley & Touchstone, of Dallas, for appellant.

Pipkin & Pipkin, of Beaumont, for appellees.

**RUDCO OIL & GAS CO. et al. v. GULF OIL CORPORATION et al.**

No. 9368.

Court of Civil Appeals of Texas. Austin.

March 10, 1943.

Rehearing Denied March 31, 1943.

COMBS, Justice.

This is an appeal from a judgment of the 60th District Court of Jefferson County, overruling appellant's plea of privilege. Appellees have filed two motions, one being to affirm on certificate and subject thereto a motion to dismiss the appeal. Both motions are grounded upon the contention that the record was filed too late in this court.

The order appealed from was entered December 8, 1942. Notice of appeal was given and appeal bond filed on the same day the judgment was entered. The record was filed in this court January 21, 1943. Appellant made no motion in this court for an extension of the time for filing the record. Appellees contend that a judgment granting or overruling a plea of privilege is an interlocutory order and as a consequence that the appeal from such an order is governed by Rule No. 385, Texas Rules of Civil Procedure, which requires that the record shall be filed in the appellate court within 20 days after rendition of the order appealed from. Appellant contends that a judgment sustaining or overruling a plea of privilege is not an interlocutory order within the purview of Rule No. 385, but is in the nature of a final judgment on the question of venue and that an appeal therefrom is governed by Rule No. 386, which allows 60 days for filing the record.

We think appellant's contention is not tenable. A judgment of the trial court sustaining or overruling of a plea of privilege is not a final judgment but is interlocutory only. Lowry et al. v. State, Comm. App., 258 S.W. 471. Appeals from such judgments are governed by Rule No. 385. We hold, therefore, that the transcript was filed in this court too late.

We find no rule providing for the affirmance of interlocutory judgments on certificate. We think the proper procedure in this case is to dismiss the appeal. The motion to affirm on certificate is overruled. Motion to dismiss is granted.

Appeal dismissed.