**GULFCRAFT, Inc., Appellant,**

v.

**George J. HENDERSON et al., Appellees.**

**No. 13074.**

Court of Civil Appeals of Texas.

Galveston.

March 21, 1957.

Rehearing Denied April 11, 1957.

Butler, Binion, Rice & Cook and Charles C. Crenshaw, Jr., Houston, for appellant.

Bates, Cartwright, Miller & Gilley and Ralph K. Miller and Reagan Cartwright, Houston, for appellee George J. Henderson.

HAMBLEN, Chief Justice.

This is an appeal from an order of the District Court of Fort Bend County overruling appellant's plea of privilege. Appellee Henderson sued appellants, Gulfcraft, Inc., and G. G. Gregory, Rothschild Iron Metal & Supply Company, Inc., and Abraham Morrow, seeking to recover damages for personal injuries alleged to have been proximately caused by the negligence of Gregory and Morrow. Gulfcraft, Inc. and Rothschild Iron Metal & Supply Company were sued as the respective employers of Gregory and Morrow, liability being asserted under the doctrine of respondeat superior. Gregory and Gulfcraft, Inc. filed pleas of privilege to be sued in the county of their residence, Harris County. Appellee controverted such pleas, asserting that venue properly lay in Fort Bend County under the provisions of Sections 9a and 23 of Article 1995, Vernon's Ann.Civ.Tex.St. Only Gulfcraft, Inc. has appealed from the trial court's order.

Appellant presents ten points of error which, because of their length, cannot be set forth in this opinion. The basic contentions presented by such points are: (1) the record does not support liability under the doctrine of respondeat superior, (2) the fact findings upon which appellant's liability under such doctrine must rest are against the overwhelming weight and preponderance of the evidence, and (3) the trial court's conclusion that venue properly lay in Fort Bend County under the provisions of Sections 9a and 23 of Article 1995, is not supported by any fact finding.

We find it convenient to first discuss appellant's third contention above set forth. In his trial pleadings appellee alleged specific acts of negligence on the part of Gregory which proximately caused the collision from which appellee's injuries were alleged to have resulted. After the order appealed from was entered, appellant requested and the trial court made findings of fact and conclusions of law. In so far as negligence and proximate cause are concerned, the only finding made by the trial court in response to appellant's request is Finding No. 6, as follows:

"(6) That such collision was proximately caused by the negligence of Defendant G. G. Gregory."

The trial court filed Conclusion of Law No. 4, as follows:

"(4) That Plaintiff has established by a preponderance of the evidence that venue in this suit lies in Fort Bend County, Texas, under Sections 9a and 23 of Article 1995 of the Revised Civil Statutes of Texas."

Appellant does not argue that the evidence before the trial court fails to support findings of negligence on the part of Gregory in any one or more of the respects specifically alleged by appellee. His complaint is that the trial court's Finding of Fact No. 6 above quoted constitutes a legal conclusion wholly unsupported by any finding of fact, and that there is no finding of fact to support Conclusion of Law No. 4 above quoted. Appellant objected and excepted to such finding and conclusion upon that ground, and upon Points of Error Nos. 9 and 10 asserts that the trial court erred in overruling such objection and exception. We overrule such points.

■ Essentially, appellant's complaint is that the trial court failed to comply with the provision of Rule 298, Texas Rules of Civil Procedure, and because of such failure appellant is in no position to question the sufficiency of the evidence to support the trial court's order. The order appealed from is interlocutory. Lacy Co. v. Flowers, Tex.Civ.App., 169 S.W.2d 790; Walker v. Cleere, 141 Tex. 550, 174 S.W.2d 956. As such, it is governed by Rule 385, T.R. C.P. Section (e) of that rule provides in part:

"(e) In all appeals from interlocutory orders * * * the trial judge need not file findings of fact or conclusions of law * * *." We do not see how it could be logically held that a trial judge, in the face of a specific rule providing that he need not file findings of fact or conclusions of law, commits reversible error by failing to comply with the provisions of Rule 298, T.R.C.P. Under a different factual situation, the San Antonio Court of Civil Appeals has held that Rule 298, T.R.C.P., does not apply to appeals taken in plea of privilege cases. Trinity Universal Ins. Co. v. Wallace, Tex.Civ.App., 187 S.W.2d 715. We concur and hold that the Rule has no application under the facts here presented.

■ That negligence and proximate cause are matters for factual determination has been so repeatedly held as to require no citation of authority. The trial court's Finding of Fact No. 6, therefore, is not, as appellant contends, a legal conclusion but is a fact finding. Excluding consideration of appellant's first two contentions hereinabove noted, Finding No. 6 is sufficient to support Conclusion of Law No. 4. In view of our conclusions referable to the applicability of Rule 298, T.R. C.P., appellant is, on this appeal, limited to an attack based upon the evidentiary support, or lack thereof, for Finding of Fact No. 6. He makes no such attack.

■ In response to appellant's request, the trial court made findings of fact upon which is based the Conclusion of Law No. 2 to the effect that at the time of the collision in question G. G. Gregory was a servant, agent and representative of Gulfcraft, Inc. and was acting within the scope of his employment. Appellant's Points of Error Nos. 1 to 8, inclusive, as framed assert error on the part of the trial court in overruling objections and exceptions directed to such findings of fact. Appellant's argument under such points is in part addressed to the assertion that the trial court failed to comply with the provisions of Rule 298, T.R.C.P. To the extent that the argument is so directed, we consider our preceding discussion applicable and adequate. However, appellant's argument is in part addressed to the lack of evidentiary support for the findings of fact as made by the trial court. The argument is, first, that the evidence establishes that Gregory was an independent contractor rather than an employee of appellant. Next, it is contended that if the relationship be that of master and servant, Gregory was not acting within the scope of his employment at the time of the collision in question. In addition to asserting the lack of any evidence to establish the agency relationship and that Gregory was acting in the scope of his employment, appellant, by proper points of error, contends that the findings of the trial court upon which Conclusion of Law No. 2 must rest are against the overwhelming weight and preponderance of the evidence. We overrule Points Nos. 1 to 8, inclusive.

Both litigants are in agreement that the question of the relationship between Gregory and appellant, i. e., whether it is that of master and servant as opposed to independent contractor, depends upon which of the two had the right to control the details of Gregory's work. In support of its contention that Gregory occupied the status of an independent contractor, appellant directs our attention to the following evidence.

Gregory testified by deposition that on or prior to February 10, 1956, the date of the

accident in controversy, he was working under separate written contracts for Eisenberg Jewelry Company, Frederick Mosell Jewelry Company, and Gulfcraft, Inc.; that on December 13, 1955, he had entered into a written contract with Gulfcraft, Inc., under the terms of which he was to work for said company as an outside sales manager as well as a salesman; that he had no particular hours or duties with Gulfcraft, Inc.; that he was his own boss; that he did not have to work any particular days; that he only had to work enough to eat; that there was no restriction on whether it took him two hours or two weeks to do his work; that Gulfcraft, Inc. did not tell him where he had to go; when or how to go, or who to call upon; that he could use any means of transportation he wanted to; that he was not paid anything by Gulfcraft, Inc. for the use of his automobile, nor was he reimbursed for his expenses when he used a plane as he did quite a bit. Appellant's witness, Tanner, executive vice president of appellant, testified that neither he nor anyone else for Gulfcraft, Inc. ever told the defendant Gregory when, where or how he was to do his work, how he should go, or what routes to take; that that was left entirely up to Gregory; that he was not concerned or interested in the manner or method by which Gregory performed his work, but was interested only in the overall results; that he did not instruct or direct Gregory verbally or in writing to go to Corpus Christi; that after Gregory went to work for Gulfcraft, Inc. the witness never told Gregory when or where he was to go, what hours he was to keep or what days he was to work, or anything of that sort; that Gulfcraft did not furnish Gregory transportation of any sort, but that Gregory furnished his own automobile; that Gulfcraft, Inc. never reimbursed Gregory for any expenses in connection with the operation of Gregory's automobile.

We do not deem it necessary to discuss the numerous authorities cited by appellant in support of his contention that the foregoing proof establishes that Gregory was an independent contractor. Appellee concedes and the authorities support the conclusion that such proof, if accepted by the trier of the facts, or, if undisputed, is sufficient to support a finding that such relationship did exist; however, the evidence above summarized is not all of the evidence bearing upon the question, nor is it undisputed.

In the first place, it will be noted that the testimony of Gregory relative to the written contract of employment between himself and appellant constitutes the witnesses' conclusions, as to the effect of that contract. The contract is a part of the record before us. While it is too lengthy to be incorporated in this opinion, we have concluded, after examination of it, that it is of great probative value in support of the trial court's conclusion that the relationship between the parties was that of master and servant. We point to the following:

The contract recites that Gregory is employed in the capacity of outside sales manager as well as salesman, with directions to be in charge of other salesmen and to implement the company's sales policy. Gregory is directed to proceed to increase the company's sales force. It provides that Gregory is to be assigned certain sales territory to be agreed upon between Gregory and Tanner, the executive vice president of appellant; provides that he is to sell not less than $750 worth of jewelry per week, and that failure to do so would give appellant the right to terminate his employment. It contains detailed directions controlling Gregory's supervision of the sales force under him as to territory, as to number of salesmen assigned to each territory, establishment of sales quota for each salesman, retention by appellant of the right to fire salesmen and control by appellant of the amount of commission and the manner and method of payment of such salesmen. Appellant retains the absolute right to accept or reject orders as well as shipment of merchandise and the making of any

allowances, adjustments and returned merchandise. The Company retains the right to control advancements made to Gregory, and provides for a refund by him of any excess advances in the event of termination of the employment. The contract contains a covenant requiring that Gregory devote his entire time and attention to his duties, but provides that he may represent and sell products of Frederick Mosell Jewelry Company and Eisenberg Jewelry Company. It also provides that Gregory is to perform such other duties pertaining to his type of employment as appellant might require. It provides that appellant is to furnish samples of jewelry to be used by Gregory, but that control and title to such samples should remain in appellant with Gregory indemnifying appellant against loss or damage thereof. It requires that Gregory carry automobile liability insurance and indemnify appellant against claims. It contains specific provisions with respect to extending credit and discounts, and has attached a list of accounts with respect to which Gregory is to receive no commission on sales.

In addition to the provisions of the written contract, the record contains evidence that appellant furnished Gregory with cards with appellant's name thereon and Gregory's name as sales manager. There is also evidence that Gregory was required to cover certain territories and call on certain retailers to sell jewelry at a price set by appellant. There is evidence that Gregory was paid a salary of $100 per week whether he made any sales or not. Salesmen under Gregory's supervision contracted directly with appellant.

Contrary to his testimony that he went to Corpus Christi on his own initiative, in response to a question as to who with Gulfcraft had asked him to make the Parr Drug Company collection, Gregory answered, "Well, they didn't only ask me, I wanted to get paid. If the man hadn't paid them, I don't collect. I don't get paid."

■ The authorities are numerous which hold that it is the right of control which determines the relationship. The exercise of that right, or the failure to exercise the right is of evidentiary value only. The fact that an employer entrusts to an employee the exercise of wide discretion with respect to the details of the employment does not change the legal relationship between them. In the present case Gregory was employed as a sales manager. That classification normally implies the exercise of discretion in the details of the employment by the employee. We think that the evidence hereinabove summarized, though not all of the evidence bearing upon the question, amply supports the conclusion that Gulfcraft was not interested solely in the results accomplished by Gregory, but on the contrary retained the right to ultimately control the methods by which such results were accomplished. We conclude that the evidence supports the finding of the trial court, and that we cannot say that such findings are against the weight and preponderance of the evidence.

■ Appellant's contention that Gregory was not at the time of the collision in question acting in the scope of his employment rests upon the following factual basis. Gregory testified that he was going to Corpus Christi at the time of the accident to sell some jewelry for Frederick Mosell Jewelry Company, Eisenberg Jewelry Company, and Gulfcraft, Inc., and to collect some moneys for two of such companies; that his first call was to be to Richenstein's Drug Store, which was an Eisenberg account; that he had to go there first; that he was then going to Joseph Leon, a Mosell account; that he was next going to The Smart Shop, which was a Mosell account also, and that he was then going to Parr Drug Company, which was both a Mosell and a Gulfcraft, Inc. account; that it was at the latter company where he was to collect money, and that he was collecting money both for Mosell

and Gulfcraft, that Parr Drug Company owed them both. He testified that he had not been told to go down to Corpus Christi by anyone with Gulfcraft; that it had been suggested as a good idea but not a direct order.

Appellant's argument that Gregory was not at the time of the collision acting within the scope of his employment with Gulfcraft is summarized in the following statement taken from its brief; "Clearly if Gregory was engaged in the course of his employment for anyone at the time of this accident it was for Eisenberg Jewelry Company and not for appellant for his work for the latter would not have commenced until he finished his call for Eisenberg and his first two calls for Mosell."

The only authority relied upon by appellant is Davis v. General Accident Fire & Life Assurance Corporation, Tex.Civ. App., 127 S.W.2d 526, 527. We note that in that case the court rested its decision primarily upon its holding that the alleged servant was an independent contractor, so that the court's conclusion relative to scope of employment was not material to the decision. However, aside from that, the case is clearly distinguishable from the present case in that there the alleged servant had completed his work for the alleged master; had commenced work for another employer, and was at the time of the collision there involved at a place in no manner connected with the first employer's business. In the present case the trip to Corpus Christi, during the course of which the collision in question occurred, was manifestly within the general scope of Gregory's employment by appellant and was in furtherance of appellant's business. The fact that he was simultaneously engaged in the furtherance of business of other employers does not change the situation. We think that in so far as scope of employment is concerned, the evidence compels the finding made by the trial court.

Judgment affirmed.