Oxsheer SMITH et al., Appellants,

v.

·Louis CROUCH, Appellee.

No. 8233.

Court of Civil Appeals of Texas.

El Paso.

March 11, 1959.

Rehearing Denied April 8, 1959.

Wm. N. Bonner, F. T. (Star) Baldwin, Houston, for appellants.

Hill D. Hudson, Pecos, Tom Moore, Lockhart, for appellee.

LANGDON, Chief Justice.

This proceeding involves an attempted appeal by Oxsheer Smith and Pecos Petroleum Company from an interlocutory order of the District Court of Reeves County, overruling defendants' pleas of

privilege. The order overruling the pleas of privilege was signed and entered on the 5th day of December, 1958. Defendants excepted to the court's ruling and gave notice of appeal and immediately thereafter requested the clerk to prepare a transcript and the reporter to prepare a statement of facts. An appeal bond was executed on December 11, 1958 and was transmitted to the district clerk and filed on December 18, 1958. However, the record in this case was not tendered in this court until January 29, 1959, fifty-five days subsequent to the date of the order of the trial court. The record was accompanied by an agreement of counsel, which is set out below:

"The Court of Civil Appeals for the Eighth Supreme District of Texas

| "Oxsheer Smith, et al. Appellants v. Louis Crouch, Appellee | In the District Court of Reeves County, Texas No. 5911 |
|---|---|

"It is Agreed by the Appellants, Oxsheer Smith and Pecos Petroleum Company, and Appellee, Louis Crouch:

I.

The completed record in this case may be filed in this Honorable Court by the 10th of February, 1959.

II.

After the filing of the record, Appellants will have until the 21st of February, 1959, to file their briefs in this Court, furnishing copies to Appellee.

III.

Appellee will have at least until the 25th of March, 1959, in which to file his brief.

(Signed)    Wm. N. Bonner

Wm. N. Bonner, Attorney for Appellants

(Signed)    Tom Moore

Tom Moore, Attorney for Appellee."

The clerk of this court declined to file the record in this case, noting thereon that it was received on January 29, 1959 and not filed for the reason that it was not presented within the time allowed by Rule 385, Texas Rules of Civil Procedure, governing appeals from interlocutory orders.

Defendants' motion requests that this court order its clerk to file the record in this cause or in the alternative that the court determine that, since the record was tendered on January 29, 1959, the court treat the same as having been filed on that date and proceed to consideration of the case on its merits.

■ The timely filing of record on appeal is a jurisdictional requisite, and it cannot be waived. In addition, it was established as early as 1900, in the case of Christensen v. Anderson, 24 Tex.Civ.App. 345, 58 S.W. 962, that appellate jurisdiction may not be created by agreement of the parties.

■ Rule 385, Texas Rules of Civil Procedure, provides for a system of appealing from venue decisions and interlocutory orders; and the appeal and filing must be accomplished in the manner therein provided. L. H. Lacy Co. v. Flowers, Tex.Civ.App., 169 S.W.2d 790; Dulaney v. Neely, Tex.Civ.App., 173 S.W.2d 730; Conlee v. Burton, Tex.Civ.App., 188 S.W.2d 713.

The Supreme Court of Texas, in the case of Walker v. Cleere, 141 Tex. 550, 174 S.W.2d 956, 958, speaking through Chief Justice Alexander, said:

"We hold that the filing of the record in the Court of Civil Appeals within the time fixed by Rule 385 is jurisdictional, and that compliance therewith was not waived by the failure, to file a motion to dismiss or strike the record within thirty days after the filing thereof."

Defendants contend that the agreement of counsel quoted above was made pur-

suant to Rule 403, Texas Rules of Civil Procedure, as follows:

"All agreements of parties or their counsel relating either to the merits or conduct of the case in the court or in reference to a waiver of any of the requirements prescribed by the rules, looking to the proper preparation of an appeal or writ of error for a submission, shall be in writing, signed by the parties or their counsel, and filed with the transcript or be contained in it, and, to the extent that such agreement may vary the regular order of proceeding, shall be subject to such orders of the court as may be necessary to secure a proper presentation of the case."

Defendants further contend that it is the duty of the clerk to respect the agreement of counsel under the provisions of Rule 403, and permit counsel in the case to proceed to present this or any other related question in due order *if they saw fit to do so*. (Emphasis ours.)

An appellate court is required to determine its jurisdiction and to take note of its want of appellate jurisdiction when disclosed by the record, and if the court is without jurisdiction the appeal should be dismissed. Jurisdiction of the appellate court is derived from the law and it cannot be conferred by consent or stipulation of the parties, nor may it be waived either by the court or by a party litigant. 3-A Tex.Jur., sec. 33, p. 42; Straley v. Commissioners' Court of Lampasas County, Tex.Civ.App., 266 S.W.2d 469; Ortiz v. Associated Employers Lloyds, Tex.Civ.App., 294 S.W.2d 880; Glenn v. Armstrong, Tex.Civ.App., 284 S.W.2d 165; Ellison v. Panhandle & Santa Fe Ry. Co., Tex.Civ.App., 306 S.W.2d 909.

We have concluded that this court does not have jurisdiction of the attempted appeal of this cause, for which reason the motion is overruled and the appeal dismissed.