CONSOLIDATED CASUALTY INSURANCE
COMPANY, Appellant,

v.

H. L. WADE, Appellee.

Motion No. 18.

Court of Civil Appeals of Texas.

Corpus Christi.

Dec. 19, 1963.

Rehearing Denied Jan. 9, 1964.

B. D. McKinney, of Baker, Botts, Shepherd & Coates, Houston, for appellant.

Bob Spann, of McDonald & Spann, Corpus Christi, for appellee.

NYE, Justice.

Appellant, on October 22, 1963, filed Motion No. 18 herein asking for an extension of time within which to file the statement of facts and transcript with the Clerk of this Court. The Motion is not verified, does not show on what date the judgment was rendered, whether or not a motion for new trial was filed, nor from what court the appeal has been taken. The motion admits that the appellant has not filed a transcript and statement of facts with the clerk of this Court within the sixty days required by Rule 386 Texas Rules of Civil Procedure.

Rule 386 T.R.C.P. provides as follows: "Time to File Transcript and Statement of Facts: In appeal or writ of error the appellant shall file the transcript and statement of facts with the clerk of the Court of Civil Appeals within sixty days from the rendition of the final judgment or order overruling motion for new trial, or perfection of writ of error; provided, by motion filed before, at, or within a reasonable time, not exceeding fifteen days after the expiration of such sixty-day period, showing good cause to have existed within such sixty-day period why said transcript and statement of facts could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe."

The record was tendered for filing and was received by the clerk of this Court on November 14, 1963, some twenty-three days after the filing of the motion for enlargement of time.

■ If the record is tendered after the sixty-day period has expired, as in this case, the appeal will be dismissed by this Court for want of jurisdiction, unless the appellant's motion filed before, at or within a reasonable time not exceeding fifteen days after the expiration of said sixty-day period, shows *good cause to have existed within such sixty-day period* why said transcript and statement of facts could not be so filed.

The provisions of this rule are mandatory and jurisdictional and therefore must be complied with in order to invoke appellate jurisdiction. Hanna v. Homes Insurance Company, 260 S.W.2d 891 (Tex.Civ.App. 1953, ref. n. r. e.) ; Eldridge v. Lake Whitney Enterprises, 231 S.W.2d 466 (Tex.Civ. App.1950) ; Dellerman v. Trager, 327 S.W. 2d 667 (Tex.Civ.App.1959, writ dis.)

Without the filing of a motion showing the existence of good cause for failure to timely file the record, the appeal must be dismissed. We must examine appellant's motion to determine whether or not it has shown good cause to have existed within such sixty-day period why such transcript and statement of facts could not be so filed. Omitting formal parts the motion reads as follows:

"TO SAID HONORABLE COURT:

"Appellant, in the above entitled and numbered cause, would show that it has taken appeal from the judgment of the trial court rendered herein, *that it has not filed the transcript and the statement of facts therein with the clerk of this court within the sixty days required by the rule;* that within this, a reasonable time, and not exceeding fifteen days after the expiration of such sixty day period it makes this motion and shows that good cause existed, within such sixty day period and to this date, why such transcript and statement of facts could not be so filed, viz: That the transcript and statement of facts have both been prepared and were prepared before such sixty day period expired; however, *counsel for appellant inadvertently failed to see that the counsel for appellee had read the statement of facts and signed it until such a short time before the sixty day period expired,* that there was insufficient time for counsel for appellee to carefully examine the said statement of facts, and said counsel for appellee has agreed to this extension, as evidenced by his signature

hereon. Such cause will be removed within fifteen days.

"WHEREFORE, movant prays that this honorable court permit such transcript and statement of facts to be filed at such time and upon such terms as it may be prescribed, giving it at least a fifteen day extension." (emphasis supplied)

It is the duty of this court to determine its jurisdiction and to take note of the lack of appellate jurisdiction when disclosed by the record. The inadvertent failure of the attorney for the appellant to see that the counsel for the appellee had read the statement of facts and signed it prior to the expiration of the sixty-day period is not a showing of good cause for the failure to timely file the transcript and statement of facts. The Supreme Court has held that the restriction setting out the time under Rule 386 leaves the Court of Civil Appeals but with little discretion in determining whether or not to permit the late filing of the record. Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587 (1952).

The motion provides for an agreement by opposing counsel but such agreement was not signed or attached to the motion; however, on the following day, October 23, 1963, after the motion was filed, the attorney for the appellee filed a letter with the clerk of this Court stating that he had no objection to the requested extension of time and consented to the enlargement of time.

The Texas cases are numerous and uniform in holding that agreement, waiver or stipulation of counsel to extend the sixty-day period to file the transcript and statement of facts, standing alone, cannot be considered as a substitute for the statutory rule providing that good cause must have existed within the sixty-day period in order for the Courts of Civil Appeals to grant an extension of time.

It has always been the law in the State of Texas that appellate jurisdiction may not be created by agreement. The timely filing of the record in the Court of Civil Appeals is a jurisdictional requisite; it cannot be waived. Ortiz v. Associated Employers Lloyds, 294 S.W.2d 880 (Tex. Civ.App.1956); Walker v. Cleere, 141 Tex. 550, 174 S.W.2d 956 (1943); Schleicher v. Runge, 90 Tex. 456, 39 S.W. 279 (1897); Lyell v. Guadaloupe County, 28 Tex. 57, 58 (1859); Straley v. Commissioners' Court of Lampasas County, 266 S.W.2d 469 (Tex. Civ.App.1954); Stolz v. Wood Sherman Const. Co., 67 S.W.2d 412 (Tex.Civ.App. 1933, writ dis.); Christensen v. Anderson, 24 Tex.Civ.App. 345, 58 S.W. 962 (1900). In an opinion by Chief Justice Langdon, the El Paso Court said: "Jurisdiction of the appellate court is derived from the law and it cannot be conferred by consent or stipulation of the parties, nor may it be waived either by the court or by a party litigant." Smith v. Crouch, 323 S.W.2d 73, (Tex.Civ.App.1959 writ dismissed).

Appellant has filed an unsworn instrument designated as "Second Motion for Extension of Time". This Motion, No. 36 in this Court, was delivered to the clerk twenty-nine days after the filing of the first motion for enlargement of time. It was admittedly filed after the sixty days mentioned in Rule 386 T.R.C.P. and filed subsequent to the fifteen days also mentioned in said Rule. As grounds for good cause in the second motion, appellant alleged that "no prejudice will result to anyone from a filing of the record in said cause late". Appellee filed a response to appellant's second motion for extension of time objecting to the enlargement of time because the motion fails to set forth good cause for the late filing of the transcript and statement of facts in the Court of Civil Appeals.

This Court does not have jurisdiction to act on a second motion filed after the fifteen days provided by Rule 386. Carter v. City of Fort Worth, 357 S.W.2d 581 (Tex.Civ.App.1962). We do take this occasion to note, however, that the appellant does not allege justification for the

late filing of the transcript and statement of facts within the sixty days and has, therefore, not shown good cause to have existed in this his second motion. Motion No. 36 is dismissed for want of jurisdiction.

The original Motion No. 18 is overruled.