**T. J. HOGAN, Appellant,**

v.

**G., C. & S. F. RAILWAY COMPANY,**
Appellee.

No. 6865.

Court of Civil Appeals of Texas.

Beaumont.

Nov. 17, 1966.

Barnes & Barnes, Beaumont, for appellant.

Chilton O'Brien, Beaumont, for appellee.

PARKER, Justice.

This is a common law damage filed by T. J. Hogan against G., C. & S. F. Railway Company. The case was tried to a jury in the District Court of Sabine County, Texas, and judgment entered upon the jury findings that plaintiff recover nothing of

and from the defendant. The suit was heard on December 15, 1965, and judgment rendered and entered on February 24, 1966.

 Plaintiff below, Theo Hogan, filed. his notice of appeal from the judgment entered on February 24, 1966, "said appeal to be perfected in the Court of Civil Appeals for the Ninth Supreme Judicial District of Texas, at Beaumont." Said notice of appeal was dated February 25, 1966. Bond for costs was filed and approved on March 18, 1966. The plaintiff below has attempted to perfect his appeal to this Court of Civil Appeals for the Ninth Supreme Judicial District at Beaumont, by filing transcript on May 25, 1966. Art. 198, Vernon's Ann.Civ.St., as amended by the 58th Legislature, effective 90 days after May 24, 1963, placed Sabine County in the Twelfth Supreme Judicial District of Texas. Sabine County is not within the Ninth Supreme Judicial District of Texas. Rule 352, Texas Rules of Civil Procedure, defines "appellate court" as that having jurisdiction of the cause appealed. Art. 1819, V.A.C.S., enacted under Art. 5, § 6 of the Constitution of the State of Texas, Vernon's Ann.St., states: "The appellate jurisdiction of the Courts of Civil Appeals shall extend to all civil cases within the limits of their respective districts of which the District Courts * * * assume jurisdiction * * *." Art. 5, § 6 of said Constitution provides that the Courts of Civil Appeals "shall have appellate jurisdiction co-extensive with the limits of their respective districts." This cause was not transferred to this court from the Court of Civil Appeals for the Twelfth Supreme Judicial District of Texas by order of the Supreme Court of Texas under authority of Art. 1738, V.A.C.S. Judgments of this character of the District Courts of Sabine County are appealable only to the Court of Civil Appeals for the Twelfth Supreme Judicial District at Tyler. The appellate jurisdiction of this court cannot be created by consent, stipulation of the parties or waiver, either by the court or a party litigant. Gibbs v. Melton, 354 S.W. 2d 426 (Tex.Civ.App.1962, n. w. h.); Cantrell v. City of Dallas, 350 S.W.2d 358 (Tex. Civ.App.1961, n. w. h.); Consolidated Casualty Ins. Co. v. Wade, 373 S.W.2d 841 (Tex. Civ.App.1963, err. dism'd); Ellison v. Panhandle & Santa Fe Railway Co., 306 S.W.2d 909 (Tex.Civ.App.1957, n. w. h.); Herd v. Home National Bank of Cleburne, 283 S.W. 1112 (Tex.Civ.App.1926, wr. of err. dism'd); Smith v. Crouch, 323 S.W.2d 73 (Tex.Civ.App.1959, err. dism'd).

During submission and argument of this cause, this court became aware of the fact that this suit was tried in the District Court of Sabine County, and, therefore, this court lacked jurisdiction. On November 15, 1966 appellee filed its motion to dismiss, to which appellant replied on November 16, 1966.

This cause is dismissed for want of jurisdiction.