In the Matter of Charles Dennis SMITH,
a Delinquent Child, Appellant,

v.

STATE of Texas, Appellee.

Mo. No. A 1735.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 7, 1968.

Rehearing Denied March 6, 1968.

Andres Hernandez, Jr., San Antonio, for appellant.

James E. Barlow, San Antonio, for appellee.

BARROW, Chief Justice.

Appellant filed this motion on January 31, 1968, for an extension of time within which to file the transcript and statement of facts. Final judgment was entered on September 20, 1967, and appellant's motion for new trial was overruled on October 31, 1967. On November 9, 1967, appellant filed his affidavit of inability to pay the costs of appeal, as authorized by Rules 355, 356, Texas Rules of Civil Procedure. On December 7, 1967, the statement of facts was requested, but, because of other reporting work, the Court Reporter was unable to complete the statement of facts until January 30, 1968.

Appellant's motion for extension of time was not filed until the 92d day after the order was entered overruling appellant's motion for new trial. Accompanying said motion is an agreement of the attorneys made on January 30, 1968, to the effect that appellant may file the transcript and statement of facts at any time within thirty days after the expiration of the time otherwise provided by law and expressly waiving all requirements of the law to the contrary.

Rule 386, T.R.C.P., requires the appellant to "file the transcript and statement of facts with the clerk of the Court of Civil Appeals within sixty days from the rendition of the final judgment or order overruling motion for new trial, * * *; provided, by motion filed before, at, or within a reasonable time, not exceeding fifteen days after the expiration of such sixty-day period, showing good cause to have existed within such sixty-day period why said transcript and statement of facts could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe." See also Rules 5 and 437, T.R.C.P.

These provisions are mandatory and jurisdictional and must be complied with in order to invoke appellate jurisdiction. Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587 (1952); Whitt v. Hartgraves, 412 S.W.2d 344 (Tex.Civ.App.—San

**954**

Antonio 1967, no writ); Appellate Procedure in Texas, § 11.5(1). Where the motion is not filed within 75 days from the order overruling the motion for a new trial, it cannot be considered by the Court of Civil Appeals, even by agreement of the parties. Consolidated Casualty Ins. Co. v. Wade, 373 S.W.2d 841 (Tex.Civ.App.—Corpus Christi 1963, writ dism'd); Armstrong v. West Texas Rig Co., 339 S.W.2d 69 (Tex.Civ.App.—El Paso 1960, writ ref'd n. r. e.); Smith v. Crouch, 323 S.W.2d 73 (Tex.Civ.App.—El Paso 1959, writ dism'd).

The motion is denied.

CADENA, J., not participating.