Nolan E. WILSON et al., Appellants,

v.

BROWN CHEVROLET COMPANY, Inc., Appellee.

No. A 1868.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 9, 1968.

Francis C. Richter, Hondo, for appellants.

George E. Bradfield, San Antonio, for appellee.

PER CURIAM.

Appellants filed this motion on October 4, 1968, for an extension of time within which to file the statement of facts and transcript. Final judgment was entered on June 17, 1968, and appellants' motion for

new trial was overruled on July 18, 1968. On August 8, 1968, a cash deposit in lieu of an appeal bond was made with the District Clerk. On August 16, 1968, the statement of facts was requested, but because of the illness of the Court Reporter same has not been completed.

Appellants' sworn motion for extension of time, accompanied by a letter from the Court Reporter, was not filed until the 78th day after the order was entered overruling appellants' motion for new trial. Appellants' attorney avers that the letter from the Court Reporter was not received until September 30, 1968, and that said attorney was in the trial of criminal cases in the District Court of Uvalde County on September 30, October 1, and October 2, and unable to prepare said motion until October 3, 1968. Appellee has contested said motion and asserts that this Court lacks jurisdiction to grant same because not filed within 75 days as required by Rule 386, Texas Rules of Civil Procedure.

Rule 386, supra, requires the appellant to "file the transcript and statement of facts with the clerk of the Court of Civil Appeals within sixty days from the rendition of the final judgment or order overruling motion for new trial, * * *; provided, by motion filed before, at, or within a reasonable time, not exceeding fifteen days after the expiration of such sixty-day period, showing good cause to have existed within such sixty-day period why said transcript and statement of facts could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe." See also Rules 5 and 437, T.R.C.P.

These provisions are mandatory and jurisdictional and must be complied with in order to invoke appellate jurisdiction. Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587 (1952); Smith v. State, 424 S.W.2d 953 (Tex.Civ.App.—San Antonio 1968, no writ); Whitt v. Hartgraves, 412 S.W.2d 344 (Tex.Civ.App.—San Antonio 1967, no writ); Winship v. City of Corpus Christi, 373 S.W.2d 844 (Tex.Civ.App.— Corpus Christi 1964, writ dism'd); Appellate Procedure in Texas, § 11.5(1).

The motion is denied.