IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-114-CR




EX PARTE: KERRY MAX COOK,



 APPELLANT



 



FROM THE DISTRICT COURT OF SMITH COUNTY, 241ST JUDICIAL DISTRICT



NO. 92-2506-C, HONORABLE JOE TUNNELL, JUDGE PRESIDING


 





PER CURIAM

 Kerry Max Cook seeks to appeal to this Court an order of the 241st Judicial District
Court of Smith County (hereafter the district court) denying the relief sought in Cook's application
for writ of habeas corpus. Because this Court is without jurisdiction to hear this appeal, it will
be dismissed.

 Cook is under indictment for capital murder in Smith County cause number
1-77-179. Cook was convicted of this offense in 1978, but the Court of Criminal Appeals
reversed the conviction and remanded the cause to the district court for a new trial. On August
11, 1992, the district court ordered that venue in cause number 1-77-179 be transferred to
Williamson County for trial in the 26th Judicial District Court of that county. Cook's second trial
commenced on October 30, but ended in a mistrial on December 18. A third trial of the
indictment has been set for March 26, 1993, in Williamson County.

 The cause now before this Court, Cook's application for writ of habeas corpus, was
filed in the district court on October 15, 1992. Cook alleged in the application that further trial
of cause number 1-77-179 was barred by principles of double jeopardy based on prosecutorial
misconduct at the original trial. The district court issued the writ and conducted a hearing on
October 19 and 20, and on November 25. On January 29, 1993, the district court rendered and
signed an order denying Cook the relief sought in his writ application and Cook gave notice of
appeal.

 The record in this cause was forwarded to the Tyler Court of Appeals where it was
filed under cause number 12-93-034-CR on February 16, 1993. On February 23, Cook filed in
the Tyler court a motion to transfer the appeal to this Court. We have been informed that the
Tyler court neither granted the motion to transfer nor dismissed the appeal. Nevertheless, the
clerk of that court returned the appellate record to the Smith County district clerk, and the district
clerk has now forwarded the record to this Court.

 In his motion to transfer the appeal, Cook cited the order changing venue in cause
number 1-77-179 as the basis for his contention that this Court has jurisdiction of this appeal. 
Cause number 1-77-179, however, is not the subject of this appeal. So far as the record discloses,
there is no order changing venue in cause number 92-2506-C. This cause was filed and heard in
the 241st District Court of Smith County, and the order appealed from was rendered by the judge
of that court. Significantly, this cause was filed in and determined by the district court after that
court ordered the change of venue in cause number 1-77-179.

 This Court's appellate jurisdiction is co-extensive with the limits of the Third Court
of Appeals District. Tex. Const. art. V, § 6; see also Tex. Code Crim. Proc. Ann. art. 4.03
(West Supp. 1993); Tex. Gov't Code Ann. § 22.220 (West 1988). Smith County is not in the
Third Court of Appeals District. Tex. Gov't Code Ann. § 22.201(d) (West 1988). Appellate
jurisdiction cannot be created by consent, stipulation, or waiver. Hogan v. G., C. & S.F. Ry.,
411 S.W.2d 815, 816 (Tex. Civ. App.--Beaumont 1966, writ ref'd). We hold that this Court is
without jurisdiction of this appeal from an order of the district court of Smith County. (1) 

 The appeal is dismissed. Cook's motion to stay proceedings in cause number 1-77-179 is dismissed. No motion for rehearing will be entertained.



[Before Chief Justice Carroll, Justices Aboussie and Jones; Justice Aboussie not participating]

Appeal Dismissed

Filed: March 10, 1993

[Do Not Publish]
1. There is no authority permitting one court of appeals to transfer a case to another court of
appeals. The Supreme Court does have such authority, but it has not been exercised in this case. 
See Tex. Gov't Code Ann. §§ 73.001, 73.002 (West 1988). Cause number 12-93-034-CR has not
been dismissed by the Tyler Court of Appeals and, so far as we are aware, remains on the docket
of that court. Even if this Court had jurisdiction of this appeal, it would be inappropriate to
exercise it under these peculiar circumstances.