University Interscholastic League v. Hill 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-214-CV





UNIVERSITY INTERSCHOLASTIC LEAGUE,



 APPELLANT


vs.





DAVID HILL, INDIVIDUALLY, AND AS NEXT FRIEND OF CHARLES HILL,


A MINOR; AND JOHN G. HAWKINS, JR., INDIVIDUALLY,


AND AS NEXT FRIEND OF BRYAN HAWKINS, A MINOR,



 APPELLEES


 




FROM THE DISTRICT COURT OF ANGELINA COUNTY, 159TH JUDICIAL DISTRICT



NO. 26,654-93-3, HONORABLE GERALD ALTON GOODWIN, JUDGE PRESIDING



 





PER CURIAM

 This is an interlocutory appeal from the district court's grant of an order
temporarily enjoining appellant University Interscholastic League (UIL) and the Lufkin
Independent School District (LISD) from enforcing rules 400 and 403(c) of the UIL's Constitution
and Contest Rules, which prevent Charles Hill and Bryan Hawkins from participating in high
school varsity athletics. (1) We will dismiss for want of jurisdiction.

 Rule 403 allows ninth grade students to participate in high school athletics if the
student is "enrolled in the ninth grade in a school district that has only one ninth grade and one
participant high school, whether or not the ninth grade is housed in the same campus as grades
10 through 12." Appellees argued successfully in the district court that Rule 403 impermissibly
creates two classes of ninth graders: (1) a class of ninth graders who are enrolled in a school
district with only one ninth grade and one high school, where the ninth grade is not on the high
school's campus; and (2) a class of ninth graders who are enrolled in a school district that has
multiple ninth grades and only one high school, where the ninth grades are not on the high
school's campus. Because LISD has two ninth grades, UIL and LISD did not allow Charles Hill
and Bryan Hawkins to compete in varsity golf.

 Appellees' original petition for injunctive and declaratory relief was filed in the
159th District Court of Angelina County. UIL filed a motion to transfer venue to a district court
of Travis County. The Angelina County district court signed two orders dated March 26, 1993,
both of which were filed with the Angelina County district clerk at 2:19 p.m. In one of the
orders, the district court granted a temporary injunction and set the cause for trial in Angelina
County on the merits for May 25, 1993. In the other order, the district court transferred venue
to Travis County. Although the transcript does not indicate which order was signed first, we
assume the district court signed the order granting the temporary injunction before signing the
order transferring venue to Travis County. (2)

 UIL sought mandamus relief from the Ninth Court of Appeals in Beaumont, which
was denied on April 15, 1993, and also from the supreme court. University Interscholastic
League v. Goodwin, 36 Tex. Sup. Ct. J. 896 (May 19, 1993) (leave to file petition for writ of
mandamus denied) (not designated for publication). UIL then attempted to perfect an appeal from
the order granting a temporary injunction to the Court of Appeals for the Ninth District, but the
clerk of that court refused to file the transcript. Arguing that it has nowhere left to go, UIL now
comes to this Court for relief.

 This Court has appellate jurisdiction of civil cases within the Third Court of
Appeals District. Tex. Gov't Code Ann. § 22.220(a) (West 1988); see Tex. Const. art. V, § 6.
Angelina County is not in the Third Court of Appeals District, but rather it is in the Ninth Court
of Appeals District. Tex. Gov't Code Ann. § 22.201(d), (j) (West 1988). Appellate jurisdiction
cannot be created by consent, stipulation, or waiver. Hogan v. G., C. & S.F. Ry., 411 S.W.2d
815, 816 (Tex. Civ. App.--Beaumont 1966, writ ref'd). The order granting the temporary
injunction was an appealable interlocutory order of the Angelina County district court at the time
it was rendered, and the subsequent transfer of the cause to the Travis County district court has
no effect on that appeal. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp 1993). 
Accordingly, we hold that this Court has no jurisdiction over an appeal from an order of the
district court of Angelina County. (3)

 The appeal is dismissed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Dismissed for want of jurisdiction

Filed: September 15, 1993

Do Not Publish

1.   Appellees are David Hill, individually, and as next friend of Charles Hill, a minor; and
John G. Hawkins, Jr., individually, and as next friend of Bryan Hawkins, a minor.
2.   The cause was transferred to the 353rd District Court of Travis County.
3.   There is no authority that permits one court of appeals to transfer a case to another
court of appeals. But see Tex. Gov't Code Ann. § 73.001, .002 (West 1988) (permitting
supreme court to transfer cases between courts of appeals).