NO. 07-02-0083-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



FEBRUARY 14, 2002



______________________________




IN RE JOE G. VERA AND FLORENTINO MORALES



 _________________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Relators Joe G. Vera and Florentino Morales have filed an original petition for writ
of mandamus requesting that we order the Respondent, Eldon Moody, Chairman of the
Dawson County Democratic Party, to place Joe G. Vera on the ballot for County Judge,
and to place Florentino Morales on the ballot for Precinct 2 County Commissioner for the
2002 Dawson County Democratic Primary. For the reasons expressed, we dismiss the
petition for lack of jurisdiction. 

 The Texas Constitution provides that the Courts of Appeals have appellate
jurisdiction co-extensive with the limits of their respective districts. Tex. Const. art. V § 6. 
Section 22.201 of the Government Code sets forth the counties comprising each of the
fourteen court of appeals districts in the state of Texas. Tex. Gov't Code Ann. § 22.201
(Vernon 1988). However, Dawson County does not fall within the counties comprising the
Seventh Court of Appeals District. Id. § 22.201(h). Furthermore, this matter was not
transferred to this court by order of the Supreme Court of Texas. That being so, we have
no jurisdiction to consider the matter. See Hogan v. G., C. & S.F. Ry. Co., 411 S.W.2d
815, 816 (Tex.Civ.App.--Beaumont 1966, writ ref'd).

 Accordingly, the appeal must be and hereby is dismissed. Having been notified by
relators that they are in agreement with this dismissal, no motion for rehearing will be
entertained, and our mandate will issue forthwith. 


 John T. Boyd

 Chief Justice 


Do not publish. 



had no right of appeal and invited him to either file amended certifications showing a
right of appeal or demonstrate other grounds for continuing the appeals. Appellant was
notified that failure to do so might result in dismissal per Rule 25.2 of the Texas Rules of
Appellate Procedure. Appellant timely filed a letter response to this Court’s inquiry. 
          A review of Appellant’s response does not contradict the certifications filed by the
trial court. We conclude Appellant has not demonstrated why the appeals should not be
dismissed based on the certifications signed by the trial court.
          Consequently, the appeals are dismissed.
                                                                           Patrick A. Pirtle

                                                                                 Justice

 



Do not publish.