**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00383-CV**
_____

**SHANNA GLAWSON, AS OWNER OF ACE BAIL BONDS, Appellant**

**V.**

**POLK COUNTY BAIL BOND BOARD, AMERICAN SURETY CO., AND TONYA MCADAMS D/B/A ANYTIME BAIL BONDS, Appellees**

_____

**On Appeal from the 258th District Court
Polk County, Texas
Trial Cause No. CIV33090**

_____

**ORDER**

Appellate courts "are obligated to review *sua sponte* issues affecting jurisdiction." *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam). The trial court did not sign a final judgment in the appeal that relates to trial court cause number CIV33090, *Shana Glawson, as owner of Ace Bail Bonds v. Polk County Bail Bond Board, American Surety Company, and Tonya McAdams D/B/A Anytime Bail Bonds*. Instead, the trial court signed two orders, one granting the Polk

1

County Bail Bond Board's motion to dismiss and a second granting American Surety Company's and Tonya McAdams' joint motion to dismiss.

Even if we construe the orders together, however, we cannot construe them as having resulted in a final judgment. To make a judgment final, Texas law requires the judgment (or a string of orders, when construed together) to have disposed of all issues and parties in the suit. *See N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). As to the orders at issue in this appeal, there is also no presumption of finality as neither order was the result of a traditional trial on the merits. *Crites v. Collins*, 284 S.W.3d 839, 841 (Tex. 2009).

We conclude the two orders cannot be construed to have disposed of all issues and parties in Glawson's suit. The order dismissing Glawson's claims against the Bail Bond Board reflects the trial court expected to sign a final judgment after signing an order of severance to allow the order it signed granting the Bail Bond Board's motion to become final. Yet the record fails to reflect the trial court ever ordered a severance.

The second order grants American Surety Company's and Tonya McAdams' joint motion to dismiss. That order, however, contains no decretal language. The Texas Supreme Court has explained that "[a]n order that merely grants a motion for judgment is in no sense a judgment itself. It adjudicates nothing." *Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003). Importantly, "[t]he appellate jurisdiction of this court cannot be created by consent, stipulation of the parties or waiver, either by the

2

court or a party litigant." *Hogan v. G., C. & S.F. Ry. Co.*, 411 S.W.2d 815, 816 (Tex. Civ. App.—Beaumont 1966, writ ref'd).

Here, the second order of dismissal the trial court signed granting American Surety's and McAdams' joint motion contains no decretal language. As we have explained, the trial court also never severed Glawson's claims against the Bail Bond Board into another cause. For those reasons, neither order became final. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001) (explaining that a judgment is final if "it actually disposes of every pending claim and party" or "it clearly and unequivocally states that it finally disposes of all claims and all parties").

The Rules of Appellate Procedure allow the Court to abate the appeal to provide the trial court with an opportunity to decide whether it wants to modify the orders at issue here and make them final. Tex. R. App. P. 27.2. Accordingly, we abate the appeal and remand the cause to the trial court. *Id*. Upon remand, the trial court may, if it chooses to do so, issue such further orders or judgments as necessary to make the orders at issue here final. If no final orders or a final judgment is filed in a supplemental clerk's record with the clerk of this Court on or before December 1, 2021, the Court will reinstate the appeal and dismiss the appeal for want of jurisdiction.

ORDER ENTERED October 29, 2021.

PER CURIAM

Before Kreger, Johnson, and Horton, JJ.

3